**Vincente Gonzalez SOTO, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68403.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 4, 1981.

Rehearing Denied Dec. 9, 1981.

John Gilmore, Corpus Christi (Walter Boyd, Houston, of counsel), for appellant.

Thomas L. Bridges, Dist. Atty. & Joel B. Johnson, Asst. Dist. Atty., Sinton, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

939

## OPINION

CLINTON, Judge.

Though this is an appeal from an order revoking probation the sole ground of error attacks the original indictment, asserting that it is fundamentally defective.[1] We find it is not, and will affirm the judgment.

Intending to allege the offense of aggravated assault denounced by a combination of V.T.C.A. Penal Code, §§ 22.01(a)(2) and 22.02(a)(3),[2] the scrivener averred that appellant did "intentionally, knowingly and *recklessly* use a deadly weapon . . . and did then and there threaten . . . [complainant] . . . with imminent bodily injury by the use of the said deadly weapon."[3] It is inclusion of the culpable mental state of "recklessly" that appellant says renders the indictment fatally deficient.[4] He has not favored us with supporting authority.[5]

■ A fundamentally defective indictment will not provide the trial court with jurisdiction, and for that reason any conviction purportedly based on it is void. *American Plant Food Corp. v. State*, 508 S.W.2d 598, 603 (Tex.Cr.App.1974). A jurisdictional defect, failure to allege the essential elements of an offense as defined in V.T.C.A. Penal Code, § 1.07(a)(13),[6] renders the indictment ineffective in stating an offense, *Green v. State*, 571 S.W.2d 13, 15 (Tex.Cr. App.1978). The indictment must be read as a whole to ascertain whether it is jurisdictionally sufficient to charge the intended offense, here aggravated assault. *Childs v.*

*State*, 547 S.W.2d 613, 615 (Tex.Cr.App. 1977); *Green v. State*, supra, at 15. "[O]nly if the defect be of such a degree as to charge no offense against the law and thereby be void will an indictment be fundamentally defective . . . ," *Seaton v. State*, 564 S.W.2d 721, 726 (Tex.Cr.App.1978); *Green v. State*, supra. Thus, in a real sense, we look for omissions—for constituent elements of the statutory offense that are missing—in an indictment, for if an element is omitted "then the indictment fails to allege an offense," *Ex parte Mathis*, 571 S.W.2d 186, 187 (Tex.Cr.App.1978).

■ Appellant does not contend that an essential element of culpability for the kind of offense of aggravated assault alleged in this indictment was omitted. And, indeed, he could not plausibly do so for the two averred culpable mental states, intentionally and knowingly, are precisely what the statutory definition of the offense calls for. Without "recklessly," then, the indictment is clearly jurisdictionally sufficient. We are not prepared to find that including "recklessly"—though not a culpable mental state prescribed for the offense—somehow took away the jurisdiction bestowed on the trial court by the indictment as a whole. See *Wilder v. State*, 583 S.W.2d 349, 360–361 (Tex.Cr.App.1979) in which it was decided that including "knowingly" in a capital murder indictment drawn under V.T.C.A. Penal Code, § 19.03(a)(2)[7] did not render it

1. More particularly appellant asserts the indictment fails to allege a crime defined by the Texas Penal Code. He did not except to or file a motion to quash the indictment, but did raise the issue at the outset of the revocation proceeding.

2. That one "intentionally or knowingly threatens another with imminent bodily injury," using a deadly weapon. The offense is alleged to have occurred June 30, 1976, before § 22.02 was amended.

3. All emphasis is added throughout by the writer of this opinion unless otherwise indicated.

4. Appellant argues that using "recklessly" constitutes "an allegation of a lower culpable mental state than is required by statute to commit an offense under Section 22.01(a)(2)" with the

result of an offense is not stated under the section.

5. His representation that authorities "will be submitted" prior to submission has not been fulfilled, probably because, like the State, none was found.

6. The one we are concerned with here is "the required culpability," § 1.07(a)(13)(B). The requirement of culpability is set forth in § 6.02 and each culpable mental state is defined in § 6.03.

7. A person commits an offense if he "*intentionally* commits the murder in the course of committing . . . robbery. . . ."

fundamentally defective. The ground of error is overruled.

The judgment is affirmed.