**William Joseph KIRK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**John Collins PRUITT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 3–82–117–CR to 3–82–119–CR.**

Court of Appeals of Texas, Austin.

Nov. 10, 1982.

J.W. Howeth, Austin, for appellant.

Margaret Moore, County Atty., Sally Swanson, Asst. County Atty., Austin, for appellee.

Before PHILLIPS, C.J., and EARL SMITH and BRADY, JJ.

PHILLIPS, Chief Justice.

◼ Appellants,[1] charged by information, were found guilty in a trial before the court and each were ordered to pay $100 and serve five days in the county jail, which time was probated for 180 days, for violation of Tex.Pen.Code Ann. § 22.05 (1974), the offense of Reckless Conduct.[2] Appellants allege that the State's pleadings, the informations, are fundamentally defective in two respects.[3] The first is that the informations allowed their convictions on the proof of a lesser culpable mental state than required by law. The second is that the informations failed to allege with "reasonable certainty" the acts which constituted their recklessness.

We overrule both grounds and affirm the judgment below.

◼ The informations in pertinent part alleged:

(name of defendant) did then and there recklessly engage in conduct that placed another, to-wit: Judy Cox, in imminent danger of serious bodily injury; and the factors constituting the said (name of defendant) recklessness are: discharging a firearm in the direction of a residential area when the said (name of defendant) was aware and should have been aware of the presence of persons in the area. . . .

Appellants contend that the informations allowed them to be convicted on the showing of a lesser culpable mental state of negligence and not on the showing of the required culpable mental state of recklessness. Appellants point us to the wording "*was aware and should have been aware* of the presence of persons in the area" within the information. Patently, the State must allege and prove that the appellants had the culpable mental state of "recklessness" when each defendant committed the offense. § 6.03(c), Tex.Pen.Code Ann. (1974) defines this mental state as "*when he is aware* of but consciously disregards a substantial and unjustifiable risk. . . ." § 6.03(d), Tex.Pen.Code Ann. (1974) defines the mental state of "negligence" as "*when*

---

1. Appellants, William Joseph Kirk and John Collins Pruitt, consolidated their appeals before this Court. Both relied upon the same grounds of error and supporting authorities in their attack on the informations charging their offense made by their shared counsel. As such, this opinion disposes of both causes.

2. Reckless Conduct. (a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. (b) Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded. (c) An offense under this section is a Class B misdemeanor.

3. Appellants did not file a motion to quash the informations on which they are charged in the trial court. Any errors in the identical informations must be fundamental for this Court to reverse the decision of the trial court below. For a general discussion of the motion to quash see *Comment,* The Indictment Process, 33 Baylor L.Rev. 1001 (1981).

*he ought to be aware* of a substantial and unjustifiable risk...." Appellants contend that the conjunctive joining by the word "and" of the phrases "was aware" and "should have been aware" allows the State to meet its burden by proving the lesser mental state of negligence.

■ We disagree. In *Soto v. State,* 623 S.W.2d 938 (Tex.Cr.App.1981), the Court of Criminal Appeals held that an indictment charging aggravated assault was not fatally defective for alleging that the appellant did "intentionally, knowingly *and recklessly* use a deadly weapon...." In *Soto,* the indictment erroneously alleged the culpable mental state "recklessly" with the statutorily required culpable mental state "intentionally" or "knowingly." In this appeal, as in *Soto,* no essential element of culpability was omitted in the informations since the required mental state—was aware—was alleged. In following the persuasive logic of *Soto,* we are not prepared to find that including "should have been aware"—though not a culpable mental state prescribed for the offense—somehow took away the jurisdiction bestowed on the trial court by the informations as a whole. *See Wilder v. State,* 583 S.W.2d 349, 360–61 (Tex.Cr.App. 1979).

■ Appellants' second ground of error challenges the sufficiency of the allegations of the acts relied upon to constitute recklessness. Tex.Code Cr.P.Ann. art. 21.15 (1981) provides, in part, "the information ... in order to be sufficient ... must allege with reasonable certainty, the act or acts relied upon to constitute recklessness ... and in no event shall it be sufficient to allege merely that the accused ... acted recklessly...." Appellants complain that no connection is shown between Judy Cox,[4] the person allegedly placed in danger of serious bodily injury, and the facts which constitute the recklessness—the "discharging a firearm in the direction of a residential area." Appellants rely upon *Chance v. State,* 563 S.W.2d 812 (Tex.Cr.App.1978) and *Northern v. State,* 150 Tex.Cr.R. 511, 203 S.W.2d 206 (1947) for the point that nothing may be supplied in an information or indictment by inference. *Northern,* a much discredited case, held that an indictment was insufficient since an essential element—the manner and means of committing the crime—had to be supplied by inference. In *Northern,* the indictment alleged that the defendant killed a 70 year old woman by "kicking and stomping" her to death. The Court found that in reading the indictment it had to be inferred that the defendant had used his feet in killing the woman and as such the indictment was insufficient. We find the case to be of absolutely no precedential value.[5] In *Chance,* the culpable mental state of "knowingly" was omitted from the indictment charging aggravated promotion of prostitution. The Court found that an essential element—the culpable mental state—could not be supplied by inference. *Chance* does not apply to this appeal since no essential element is being supplied by inference. Appellants do not cite and we are unable in our independent research to find any authority to support appellants' contention that the acts which constitute recklessness must expressly connect or link the acts with the victim of the crime. The policy of the Court of Criminal Appeals, which this Court follows, has been to view the indictment or information as a whole to ascertain if the State's pleadings are jurisdictionally sufficient to charge the intended offense, so as not to be fundamentally defective. *Ex parte Adame,* 632 S.W.2d 619, 621 (Tex.Cr.App.1982); *Soto v. State, supra* at 939; *Green v. State,* 571 S.W.2d 13, 15 (Tex.Cr.App.1977); *Childs v. State,* 547 S.W.2d 613, 615 (Tex.Cr.App.1977).

---

4. Judy Cox is the named victim of the crime in the informations charging William Joseph Kirk and John Collins Pruitt, numbered 3–82–117 and 3–82–119 respectively in this Court. Sam Cox is the named victim in the information charging William Joseph Kirk, numbered 3–82–118 in this Court. All three informations are identical in alleging the offense.

5. *Vaughn v. State,* 607 S.W.2d 914, 916, 919 (Tex.Cr.App.1980). The Texas Court of Criminal Appeals in *Vaughn* at 916, in the words of Judge Clinton "mark the previously unheralded demise of *Northern.*"

We hold that the informations sufficiently charge the offense and that they are not fundamentally defective.

We believe that an indictment or information is sufficient to support a guilty verdict if it:

(1) Charges the accused citizen with the commission [6] of an offense.[7]

(2) States every essential element of the offense.[8] And,

(3) The pleading on its face must

(a) charge the offense in "plain and intelligible words" so as to enable a person of common understanding to know what is meant; [9]

(b) be pleaded with such certainty as to enable the accused to know what offense he will be required to defend himself against; [10] and

(c) be pleaded with such particularity to enable the defendant to plead the judgment in bar of any further prosecution for the same offense.[11]

The informations complained here involved meet the requirements expressed above.[12] We affirm the convictions of the trial court below.

---

**6.** The importance of pleading clearly the act or omission of the defendant has become a subject of much import lately. See *Gorman v. State*, 634 S.W.2d 681 (Tex.Cr.App.1982); *Phelps v. State*, 623 S.W.2d 936 (Tex.Cr.App. 1981); *Ferguson v. State*, 622 S.W.2d 846 (Tex. Cr.App.1980); *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981).

There are instances in which an omission by a defendant is a crime. Omission being defined as the "failure to act." Tex.Pen.Code Ann. art. 1.07(a)(23) (1974). Examples of such crimes are the failure to support a child (clothing, food, shelter, medical care, education), Tex. Fam.Code Ann. § 12.04(3) (1975); failure to prevent the commission of a crime, Tex.Pen. Code Ann. art. 7.02(a)(3) (1974); failure to render aid, Tex.Rev.Civ.Stat.Ann. art. 6701d § 38 (1975); cruelty to animals, Tex.Pen.Code Ann. art. 42.11(a)(2), (3) (Supp.1982).

**7.** *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974).

**8.** Tex.Const. art. I, § 10. If it does not it is void. Tex.Code Cr.P.Ann. arts. 21.03, 21.11 (1965); *Ex parte County*, 577 S.W.2d 260 (Tex. Cr.App.1979). Not even the legislature may do away with this requirement. *Young v. State*, 12 Tex.Crim. 614 (1882). The elements of any offense are:

(1) the forbidden conduct (the act or omission for which the conviction is sought and the accompanying mental culpable state); *Victory v. State*, 547 S.W.2d 1, 5 (Tex.Cr.App. 1977);

(2) the required culpability [prescribed by definition of the offense and prescription of Tex. Pen.Code Ann. § 6.02 (1974)];

(3) the required result;

(4) the negation of any exception to the offense, Tex.Pen.Code Ann. § 2.02(b) (1974). But it is only necessary to negate an exception which *does not fall within the statutory definition* of the offense. "If the thing forbidden by the particular statute under consideration could not be made out without the proof of the so-called exception or omission, then said exception would be necessary as an element of the offense, and its existence should be negated in the indictment and find support in proof." *Baker v. State*, 132 Tex.Crim. 527, 106 S.W.2d 308 (1937). *See also Ex parte Davis*, 542 S.W.2d 192 (Tex.Cr.App.1976).

**9.** Tex.Code Cr.P.Ann. art. 21.02(7) (1965); *McManus v. State*, 591 S.W.2d 505 (Tex.Cr. App.1976).

**10.** Tex.Code Cr.P.Ann. art. 21.11 (1965); *Moore v. State*, 532 S.W.2d 333 (Tex.Cr.App. 1976). It is important to realize that the failure to meet the first element, the failure to state an offense, differs from the first part of the third element, the failure to charge the offense in "plain and intelligible words." The former renders the pleadings fundamentally defective and the latter merely renders the indictment voidable. *American Plant Food Corp. v. State*, *supra*.

**11.** Tex.Code Cr.P.Ann. art. 21.11 (1965).

**12.** The non exhaustive listing of requirements expressed above are not this Court's, but the requirements of the Texas Court of Criminal Appeals. We propose no new test, we merely synthesize these requirements from their various opinions, which we dutifully follow.