COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_____________________________________________________________________

CAUSE NUMBER 13-01-547-CR


BRYAN C. HARRISON, Appellant,

v.



THE STATE OF TEXAS, Appellee.

_____________________________________________________________________

CAUSE NUMBER 13-01-548-CR


JOHN G. BENAVIDES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

_____________________________________________________________________


On appeal from the 36th District Court of Aransas County, Texas.

_____________________________________________________________________

O P I N I O N

Before Justices Dorsey, Yañez, and Castillo

Opinion by Justice Yañez



Appellants were indicted for the state jail felony offense of taking a wildlife resource without the consent of the
landowner.(1) See Tex. Parks & Wild. Code Ann. § 61.022 (Vernon Supp. 2002). Both appellants moved to quash their
indictments. When the court denied the appellants' motions, they pleaded nolo contendere. In one point of error, appellants
now argue that the trial court erred by denying their motions to quash the indictments. Because the point of error raised by
each appellant and the facts surrounding each appellant's appeal are identical, we will address them together in this one
opinion. We affirm.

Appellants argue that the indictments in their cases failed to allege: (1) appellants knew the property on which the offenses
were committed was private property; (2) the landowner did not give consent to hunt, kill, or possess wildlife resources on
the property; and (3) the appellants knew that the landowner had not consented. (2) We review a challenge to a trial court's
ruling on a motion to quash an indictment under an abuse of discretion standard. Thomas v. State, 621 S.W.2d 158, 163
(Tex. Crim. App. 1980).

In general, an indictment must plead any element that must be proved at trial. See Tex. Code Crim. Proc. Ann. art 21.03
(Vernon 1989); Green v. State, 951 S.W.2d 3, 4 (Tex. Crim. App. 1997). An indictment must contain the elements of the
offense charged, fairly inform the defendant of charges he must prepare to meet, and enable the defendant to plead acquittal
or conviction in bar to future prosecution for the same offense. Tex. Code Crim. Proc. Ann. art 21.11 (Vernon
1989);Sanchez v. State, 928 S.W.2d 255, 259 (Tex. App.-Houston [14th Dist.] 1996, no pet.). When construing an
indictment, we read the indictment as a whole, applying practical, rather than technical considerations. Oliver v. State, 692
S.W.2d 712, 714 (Tex. Crim. App. 1985); Soto v. State, 623 S.W.2d 938, 939 (Tex. Crim. App. 1981). 

Under the Texas Parks and Wildlife Code, no one "may hunt or catch by any means or method or possess a wildlife
resource at any time and at any place covered by this chapter unless the owner of the land or water, or the owner's agent,
consents." Tex. Parks & Wild. Code Ann. § 61.022 (a) (Vernon Supp. 2002) (emphasis added). Chapter 61 of the Texas
Parks and Wildlife Code does not apply solely to private property but applies to every "county" and "place" in the state.
Tex. Parks & Wild. Code Ann. § 61.003 (Vernon Supp. 2002). On its face, the code prohibits hunting anywhere within the
State of Texas without the consent of the owner of the land or the owner's agent. This would apply to public lands also. (3)
Thus, a person needs the consent of a landowner, or the landowner's agent, to hunt anywhere in Texas. Therefore, an
indictment for the violation of section 61.022 need not allege that the offense took place on private property: the indictment
need only allege that the person hunted, caught or possessed a wildlife resource in a county or place in Texas, and was
acting without the consent of the landowner. (4) See Tex. Code Crim. Proc. Ann. art 21.03 (Vernon 1989); Green, 951
S.W.2d at 4.

The indictments at issue state that the appellants "did . . . intentionally, knowingly and recklessly hunt, kill and possess a
wildlife resource, to wit: one white-tailed deer, on San Jose Island, without the consent of the landowner's agent . . . ." The
indictments correctly charge the appellants with hunting and possessing a wildlife resource in a county or place in the state,
without the consent of the landowner's agent. See Tex. Parks & Wild. Code Ann. § 61.022 (Vernon 2002). 

Appellants contend that the State must prove that appellants knew they were hunting without the consent of the landowner's
agent and, appellants argue, the indictments do not allege that they were hunting without the consent of the landowner or
the owner's agent.

The State concedes that, had these cases gone to trial, it would have been required to prove that the appellants knew they
were acting without the consent of the landowner, or landowner's agent. Both the State and the appellants agree that when
otherwise innocent behavior becomes criminal because of the circumstances under which the behavior occurs, a culpable
mental state is required as to those circumstances, citing McQueen v. State, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989).
In McQueen, a case involving the unauthorized use of a motor vehicle, the court of criminal appeals recognized that
conduct may be rendered criminal based on: (1) the nature of the conduct; (2) the result of the conduct; or (3) the
circumstances surrounding the conduct. Id. The court of criminal appeals recognized that the act of using a motor vehicle
is not criminal by nature, and further, the section of the penal code dealing with unauthorized use of a motor vehicle does
not prohibit any specific result of the use of a motor vehicle. Id. The McQueen court held that what renders the use of
another person's motor vehicle a criminal act is "that it is done under certain circumstances, i.e., without the owner's
permission." Id. The court of criminal appeals held that "where otherwise innocent behavior becomes criminal because of
the circumstances under which it is done, a culpable mental state is required as to those surrounding circumstances."
McQueen, 781 S.W.2d at 603 (citing McClain v. State, 687 S.W.2d 350, 354 (Tex. Crim. App. 1985) (what separates
lawful acquisitive conduct from theft is knowledge of a circumstance surrounding the conduct, that it is without the owner's
consent)). 

We agree that the crime of taking wildlife resources without the consent of the landowner under section 61.022 requires a
culpable mental state. Hunting is not, by its nature, a criminal act, and section 61.022 does not prohibit any specific result.
What makes hunting or possessing a wildlife resource a criminal act under section 61.022 is a circumstance; that it is done
without the landowner's consent. Thus, it follows that a person, to be convicted under section 61.022, must be shown to
have been acting without the consent of the owner, or the owner's agent, and must have known that he was acting without
the owner's consent. However, this does not change the outcome of this case.

The indictments in question sufficiently state the culpable mental states being alleged. A person violates section 61.022 by
the intentional act of hunting, catching, or possessing a wildlife resource with the knowledge that he does not have the
consent of the landowner, or landowner's agent. Tex. Parks & Wild. Code Ann. § 61.022(a) (Vernon Supp. 2002). The
indictments alleged that the appellants acted "intentionally, knowingly and recklessly" and without the consent of the
landowner's agent. The indictments correctly pleaded the mental states necessary for the offense that the State would have
been required to prove at trial.

Although appellants do not challenge the inclusion of "recklessly" in the indictment, we note that the incorrect inclusion of
"recklessly" in the indictment does not render it fatally defective. Soto, 623 S.W.2d at 939. In Soto, the court of criminal
appeals held that an indictment charging aggravated assault was not fatally defective for alleging the culpable mental state
"recklessly" as well as the statutorily required culpable mental states "intentionally" or "knowingly." Id.; see also Kirk v.
State, 643 S.W.2d 190, 193 (Tex. App.-Austin 1982, pet. ref'd) (applying Soto; indictment which included "should have
been aware," which was not a culpable mental state prescribed for the offense, not fatally defective). In the appeals now
before this Court, as in Soto, no essential element of culpability was omitted in the indictments since the required mental
states were alleged. See Soto, 623 S.W.2d at 939.; see also Kirk, 643 S.W.2d at 193. The indictments at issue sufficiently
allege the elements of the offense charged, including the culpable mental state, fairly informed appellants of the charges,
and enabled the appellants to plead acquittal or conviction in bar to future prosecution for the same offenses.

We hold the trial court did not abuse its discretion by refusing to quash the indictments in the cases now before this Court.
We overrule the sole point of error raised by the appellants. The judgments of the trial court are AFFIRMED.

 

LINDA REYNA YAÑEZ

Justice



Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

7th day of March, 2002.

1. Appellants were hunting together when the events leading to their indictment occurred. The record indicates that, while
hunting on San Jose Island, Aransas County, Texas, Harrison shot and killed a six-point white-tail buck and Benavides shot
and killed a seven-point white-tail buck.

2. With the exception of the defendants' names and cause numbers, the indictments are identical.

3. The Parks and Wildlife Code provides the means by which a person may acquire permission from the state to hunt on
property owned by the state. See Tex. Parks & Wild. Code Ann. § 62.062 (Vernon Supp. 2002)(Parks and Wildlife
Commission may prescribe a hunting season for state parks, forts or sites); see also Tex. Parks & Wild. Code Ann § 81.403
(Vernon Supp. 2002) (discussing permitting of hunting on state wildlife management areas).

4. Appellants argued in their motions to quash that the San Jose Island lacked signs or other markings "to identify that this
land was not the property of the State of Texas."