



# MEMORANDUM OPINION

No. 04-11-00350-CR

Ovidio Oliden **GUERRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Jim Hogg County, Texas
Trial Court No. 09-CRJ-43
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:  January 11, 2012

AFFIRMED

Appellant Ovidio Oliden Guerra appeals his conviction for taking certain wildlife resources without consent.  Guerra raises three issues on appeal: (1) the trial court erred in denying his motion to suppress; (2) hearsay evidence presented at the suppression hearing was erroneously considered during the State's case-in-chief; and (3) the evidence was legally insufficient to support the conviction.  We affirm the trial court's judgment.

BACKGROUND

Game Warden Brad Meloni received an anonymous tip that Guerra had illegally killed a white-tailed deer on the Tierra Rojo Ranch in Jim Hogg County. The informant gave Guerra's name, described the location where the carcass could be found, and explained that the deer's head had been severed from the carcass and taken from the ranch. Meloni was also informed that Guerra entered the deer's antlers in the Cola Blanca hunting contest. Meloni located and collected the partial remains of the carcass from the Tierra Rojo Ranch. Meloni subsequently questioned Guerra about the antlers, and Guerra orally admitted to killing the deer. However, Guerra claimed to have killed the deer on the Casi Nada Ranch in Webb County. Guerra offered a harvest log[1] as proof of the location where he killed the deer. Believing he had established probable cause, Meloni seized the shoulder mount containing the antlers from the hunting contest headquarters. DNA testing confirmed the antlers were from the carcass found on the Tierra Rojo Ranch.

An indictment was issued, and Guerra elected a bench trial. The court heard his motion to suppress. Meloni testified at the suppression hearing regarding, *inter alia*, Guerra's admission to killing the deer, information given by the anonymous informant, and the Tierra Rojo Ranch owner's signed statement that confirmed Guerra did not have consent to hunt on his property. After denying Guerra's suppression motion, the court took judicial notice of Meloni's testimony—Guerra did not object. Before the close of trial, Guerra stipulated that had the Tierra Rojo's owner or his agent testified, they would have confirmed that Guerra was not given consent to hunt on the Tierra Rojo Ranch. Guerra was found guilty, and he now appeals.

---

[1] A hunter is required to complete a harvest log (located on the back of a hunting license), which must indicate the date a white-tailed deer was harvested as well as the county and property name where it was killed. *See* Tex. Parks & Wildlife Dep't, Tagging Deer or Turkey, http://www.tpwd.state.tx.us/regulations/fish_hunt/hunt/tagging/ (last visited Oct. 26, 2011).

**MOTION TO SUPPRESS**

Guerra contends the trial court erroneously denied his motion to suppress because there was no applicable exception for the warrantless search and seizure of the antlers.

**A. Standard of Review**

In reviewing a trial court's ruling on a motion to suppress evidence, a reviewing court uses a bifurcated standard. *Valtierra v. State*, 310 S.W.3d 442, 447–48 (Tex. Crim. App. 2010); *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). First, almost total deference is given to the trial court's factual determinations. *Valtierra*, 310 S.W.3d at 447. Second, we review de novo the application of law to the facts, and we will affirm a ruling that is "'reasonably supported by the record and is correct on any theory of law applicable to the case.'" *Id.* at 447–48 (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)). Finally, in the absence of express findings of fact, a reviewing court "must view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Id.* at 447 (quoting *Harrison v. State*, 205 S.W.3d 549, 552 (Tex. Crim. App. 2006)) (internal quotation marks omitted).

**B. Analysis**

The Fourth Amendment guarantees protection against unreasonable searches and seizures. U.S. CONST. amend. IV; *Minnesota v. Carter*, 525 U.S. 83, 88 (1998); *Walter v. State*, 28 S.W.3d 538, 540 (Tex. Crim. App. 2000). While a warrantless search is per se unreasonable, the seizure of an article in plain view does not violate the Fourth Amendment if "(1) law enforcement officials have a right to be where they are, and (2) it be immediately apparent that the item seized constitutes evidence, that is, there is probable cause to associate the item with

criminal activity." *Walter*, 28 S.W.3d at 541; *see also Horton v. California*, 496 U.S. 128, 142 (1990) (affirming a warrantless seizure based on the plain-view doctrine). "Probable cause exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a particular person has committed or is committing an offense." *Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991); *accord Estrada v. State*, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005). Because the trial court made no findings of fact regarding the denial of Guerra's motion to suppress, we review the suppression hearing evidence in the light most favorable to the trial court's ruling. *See Valtierra*, 310 S.W.3d at 447.

Guerra does not contend that Meloni had no right to be on the Cola Blanca premises; therefore, the first part of the plain view doctrine is met. *See Walter*, 28 S.W.3d at 541. Even if Guerra contested Meloni's presence at the headquarters, Guerra lacks standing to make this contention because he has not established a legitimate expectation of privacy with respect to the Cola Blanca headquarters. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996) (citing *Rakas v. Illinois*, 439 U.S. 128, 142–43 (1978)) (noting that a defendant has standing to challenge a search "only if he had a legitimate expectation of privacy in the place invaded").

As to the second part of the plain view doctrine, the evidence supports the determination that Meloni had probable cause to believe the antlers were associated with criminal activity. *See Walter*, 28 S.W.3d at 541; *see also Sutton v. State*, 519 S.W.2d 422, 424 (Tex. Crim. App. 1975) (determining there was no unconstitutional seizure where the officer "knew [the evidence] resembled [property] stolen in the burglary which he had been investigating"). The record shows that Meloni received an anonymous tip that: (1) told him Guerra killed the deer illegally on the Tierra Rojo Ranch; (2) described the location of the carcass; and (3) stated that Guerra had

entered the antlers in a contest. Meloni proceeded to the Cola Blanca headquarters where he was given a scoring sheet that indicated the antlers' measurements and that Guerra had killed the deer. While at the headquarters, Meloni took a photograph of the antlers. Meloni subsequently showed the photograph to Denny Radkowsky, who identified the deer as one he had previously seen on the Tierra Rojo Ranch.[2] Finally, Guerra admitted to Meloni that he killed the deer but claimed he shot it on a different ranch. In reviewing the evidence in a light most favorable to the trial court's ruling, we cannot say that Meloni lacked probable cause to seize the antlers. Accordingly, the second part of the plain view doctrine has been established. *See Walter*, 28 S.W.3d at 541. Because the seizure of the antlers did not violate the Fourth Amendment, the trial court did not err in denying Guerra's motion to suppress. *See id.*

## HEARSAY

On the day of trial, the court first heard Guerra's motion to suppress before proceeding with the trial on the merits. Guerra argues that hearsay evidence presented at the suppression hearing was erroneously considered during the State's case-in-chief. Specifically, Guerra contends the trial court erred by taking judicial notice of evidence admitted at the suppression hearing concerning the informant's tips about Guerra's participation in the incident as well as specific details of the offense (e.g., the deer had been taken illegally on the Tierra Rojo Ranch, the deer's antlers were entered into a contest, that only the head was taken, and the location of the carcass).

Guerra's argument is without merit. Immediately after denying the motion to suppress, the State asked the court to "take judicial notice of the testimony of Mr. Brad Meloni on the Motion to Suppress and basically the Court would consider that evidence." The court responded:

---

[2] Radkowsky's statement was admitted into evidence and inculpated Guerra: "I feel strongly I am proficient at identifying and scoring deer on the hoof and I strongly believe that the picture of the deer's antlers I was shown that [are] under investigation belonged to the deer I saw at Tierra Rojo."

"The Court will do that and that seems very efficient. Why go into all the testimony again." Guerra's counsel replied, "Yes." By failing to timely object to the court's taking judicial notice of the testimony presented at the suppression hearing Guerra waived his complaint. *See Nguyen v. State*, 982 S.W.2d 945, 948 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (stating that "[n]othing is presented for [appellate] review" when the defendant fails to object to the trial court taking judicial notice of evidence); *see also Kubosh v. State*, 241 S.W.3d 60, 65–66 (Tex. Crim. App. 2007); *Broussard v. State*, 598 S.W.2d 873, 874 (Tex. Crim. App. 1980).

## LEGAL SUFFICIENCY

Guerra complains that the evidence is legally insufficient to support his conviction for taking wildlife resources without the landowner's consent because there was no evidence of a killing. He argues the evidence establishes merely that he was in possession of antlers, and, therefore, the State cannot establish that he knowingly or intentionally killed the deer.

### A. Standard of Review

A reviewing court determines legal sufficiency by "[c]onsidering all of the evidence in the light most favorable to the verdict," to determine whether the trier of fact was "rationally justified in finding guilt beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard requires an appellate court to defer to the factfinder's credibility and weight determinations. *Brooks*, 323 S.W.3d at 899; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Watson v. State*, 204 S.W.3d 404, 440 n.120 (Tex. Crim. App. 2006).

### B. Analysis

Evidence is legally sufficient to support Guerra's guilty verdict for taking wildlife resources without the consent of the landowner if the following two elements are met: (1) there is

evidence that Guerra hunted, caught, or possessed a white-tailed deer, and (2) there is evidence that the deer was hunted, caught, or taken from another's property without the landowner or his agent's consent. *See* TEX. PARKS & WILD. CODE ANN. § 61.022(a), (c) (West Supp. 2010); *Harrison v. State*, 76 S.W.3d 537, 540–41 (Tex. App.—Corpus Christi 2002, no pet.) (recognizing a mens rea requirement that the defendant "must have known he was acting without the owner's consent").

Meloni testified that Guerra told him that he killed the deer in question, and that Guerra provided a harvest log showing the deer was killed on a ranch other than the Tierra Rojo. However, an informant told Meloni that Guerra had illegally killed the deer on the Tierra Rojo and told him where to find the carcass. Considering this conflicting evidence in the light most favorable to the judgment, we hold the evidence is legally sufficient to establish the first element—the hunting, catching, or possessing requirement—and that Guerra knowingly or intentionally hunted or killed the deer, as set out in the indictment. *See* TEX. PARKS & WILD. CODE ANN. § 61.022(a), (c); *Brooks*, 323 S.W.3d at 899.

The testimony from Meloni and the DNA evidence also support the guilty verdict. Guerra's counsel elicited testimony from Meloni regarding the informant and the location of the carcass on the Tierra Rojo Ranch. Testimony revealed that the Tierra Rojo Ranch was enclosed by a "high fence" (between eight to ten feet tall), and the carcass was found approximately seventy to eighty yards from the fence line. DNA obtained from antler drillings matched the DNA sample obtained from the carcass found on the Tierra Rojo Ranch. Guerra's claim that he killed the deer in a different county on the Casi Nada Ranch conflicted with the DNA evidence and Meloni's testimony. Finally, Guerra stipulated that he was not given permission to hunt at the Tierra Rojo. Despite Guerra's claim that there was "no evidence that [he] knew that he was

hunting and killing on land that belonged to the landowner without the landowner's consent," the foregoing evidence is legally sufficient to establish the second element, i.e., that Guerra hunted and killed the white-tailed deer on the Tierra Rojo Ranch and that Guerra knew he was hunting on the Tierra Rojo Ranch without the landowner or his agent's consent. *See* TEX. PARKS & WILD. CODE ANN. § 61.022(a), (c); *Harrison*, 76 S.W.3d at 541; *cf. King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000) (stating that circumstantial evidence, including making false alibis to cover up a crime, is evidence of guilt). Viewing the evidence in the light most favorable to the factfinder's verdict, the evidence was legally sufficient to support the verdict. *See Brooks*, 323 S.W.3d at 899.

## CONCLUSION

Having reviewed the record under the appropriate standards of review, we hold (1) the trial court did not err in denying Guerra's Motion to Suppress, (2) Guerra waived any complaint that the court erroneously considered hearsay evidence, and (3) the evidence was legally sufficient to support Guerra's conviction. Therefore, we affirm the trial court's judgment.

Rebecca Simmons, Justice

DO NOT PUBLISH