John PRUETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-84-213-CR.

Court of Appeals of Texas,
Austin.

Jan. 30, 1985.

J.W. Howeth, Austin, for appellant.

Ken Oden, County Atty., Claire Dawson-Brown, Asst. County Atty., Austin, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and BRADY, JJ.

PER CURIAM.

Appeal is taken from a judgment of conviction for failure to keep records of purchase of crafted precious metals. 1981 Tex.Gen.Laws, ch. 500, § 4, at 2148 [Tex. Rev.Civ.Stat. art. 9009a, § 4, subsequently amended]. After the jury found appellant guilty, the court assessed punishment at a $300 fine and twenty days in jail, probated.

In his sole ground of error, appellant contends his conviction is void because the charging instrument fails to allege an offense. The information alleges that on or about October 7, 1981, appellant

did then and there knowingly and intentionally purchase an item of crafted precious metals from Danny Tilton, who was not a manufacturer or regular dealer in crafted precious metals, in the course of business and did then and there fail to record [in a well-bound book at the said John Pruett's place of business] a description of the said item purchased, the name and address of Danny Tilton, and the driver's license number or information from some other method of identification from the said Danny Tilton....

Appellant contends the charging instrument is fundamentally defective because it omits the culpable mental state. Although the information charged he did "knowingly and intentionally purchase an item of crafted precious metals," appellant argues the charging instrument should have alleged "knowingly and intentionally fail to record" in order to allege an offense. We disagree.

As enacted by the 67th Legislature, Regular Session, effective September 1, 1981, art. 9009a (Crafted Precious Metals; Dealer Purchase & Disposition), § 4, provided the following:

Sec. 4 (a) Each dealer shall keep at the dealer's place of business a well-bound book in which the dealer shall enter for each transaction in which the dealer purchases an item made of crafted precious metals, if it was purchased by the dealer in the course of business and if purchased from other than a manufacturer of or a regular dealer in crafted precious metals:

(1) a description of each item purchased and the serial number of the item, if available;.

(2) the name and address of the seller;

(3) the driver's license number of the seller or information from some other method of identification.

(b) Each dealer shall preserve the records required by this section for one year from date of purchase or until the item is sold, whichever occurs later.

(c) A person who fails to keep a record as required by this section commits a Class B misdemeanor.

As seen from the statutory language, no culpable mental state is expressly provided for this offense. Appellant relies on Tex. Pen.Code Ann. § 6.02(b) (1974), which provides:

If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

■ To answer appellant's contention, we find it useful to apply the analysis suggested by Judge Clinton in his concurring opinion in *Lugo-Lugo v. State*, 650 S.W.2d 72 (Tex.Cr.App.1983) (opinion on State's motion for rehearing, concurring opinion, J. Clinton). Under this analysis, § 4 of art. 9009a contains a "nature of conduct" element (failure to keep the required record of purchase) and a "circumstance of conduct" element (purchase made in the course of business from a person

other than a manufacturer or regular dealer). Taking the latter element first, we find § 4 does not plainly dispense with a culpability requirement and we therefore hold that the State must plead and prove the accused dealer *knew* the person from whom he purchased the crafted precious metals was not a manufacturer or regular dealer, or the accused dealer was *reckless* with respect to this circumstance. Tex. Pen.Code Ann. §§ 6.02(c), 6.03(b) and (c), *supra.* However, we find that § 4 imposes on the accused dealer a mandatory duty to record all purchases made from persons he knows are not manufacturers or regular dealers. In other words, the statute plainly dispenses with a culpability requirement with respect to the "nature of conduct" element.

 The allegation that appellant did "knowingly and intentionally purchase an item of crafted precious metals from Danny Tilton, who was not a manufacturer or regular dealer in crafted precious metals, in the course of business," sufficiently alleges the culpable mental state required for the "circumstance of conduct" element. As this is the only culpable mental state required by § 4, art. 9009a, the information is not fundamentally defective.

Even if it is assumed that § 4 requires a culpable mental state with respect to the "nature of conduct" element; that is, proof the accused dealer intentionally, knowingly, or recklessly failed to keep the required record, we find the instant information sufficient. The rules of grammar and common sense require a culpable mental state to be read to apply to each element of conduct that follows it. *See Lugo-Lugo v. State, supra.* This principle is particularly accurate when the culpable mental state of "intentionally" or "knowingly" is alleged at the beginning of the charging instrument. *Id.*

Applying the rules of grammar and making a common sense reading of the charging instrument in this case, we find the culpable mental states of "knowingly" and "intentionally" alleged at the beginning of the information apply both to "purchase an item of crafted precious metals" and to "fail to record." Finding no fundamental error, we overrule appellant's ground of error.

The judgment is affirmed.