NO. 07-11-00353-CR, 07-11-0354-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 18, 2012

DANIEL EVERETT BROOKS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-11H-099, CR-11H-100; HONORABLE ROLAND D. SAUL, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Daniel Everett Brooks, appeals his convictions for felony assault[1] in trial court number CR-11H-099, appellate cause No. 07-11-00353-CR. Appellant also appeals his conviction for sexual assault[2] in Count I of trial court number CR-11H-100 and aggravated sexual assault[3] in Count II of trial court number CR-11H-100, appellate cause No. 07-11-00354-CR. After hearing the evidence regarding punishment, the jury

---

[1] See TEX. PENAL CODE ANN. § 22.01(a)(1) & (b)(2)(A) (West 2011).

[2] Id. § 22.011(a)(1)(A) (West 2011).

[3] Id. § 22.021(a)(2)(A)(ii), (iii) (West Supp. 2012).

assessed appellant's punishment at ten years for the felony assault, twenty years for the sexual assault, and fifty years for the aggravated sexual assault. Appellant has perfected his appeal and by six issues contends that 1) the judgment of conviction for aggravated sexual assault is void, 2) appellant's right to a jury trial on the charge of sexual assault was violated, 3) appellant suffered egregious harm when the trial court's charge to the jury was for the offense of aggravated sexual assault, 4) appellant suffered egregious harm because the jury charge permitted a guilty verdict on an invalid theory of guilt, 5) the judgment in No. 07-11-00354-CR allowed an improper cumulating of the fines assessed, and 6) the evidence was insufficient to support the order for appellant to pay the fees of his court appointed attorney. We affirm the judgment as hereinafter modified.

## Factual and Procedural Background

Appellant was indicted by two separate indictments that alleged he committed the offense of felony assault in No. 07-11-00353-CR and two counts of aggravated sexual assault in No. 07-11-00354-CR.[4] The incident that led to the indictments occurred between 11:30 P.M. on August 14, 2010, and approximately 6:30 A.M. on August 15, 2010. The State initially indicted appellant in two indictments. One alleged the offense felony assault in original indictment CR-101-105 and two counts of aggravated sexual assault in original indictment CR-101-106, both indictments having been returned on September 22, 2010. Appellant filed a waiver of arraignment in trial

---

[4] We will refer to the cases by their appellate court numbers throughout this opinion. Appellant's issues relate to his convictions for sexual assault and aggravated sexual assault in cause No. 07-11-00354-CR.

court number CR-101-106[5] and entered a plea of "Not Guilty" to the indictment. The waiver of arraignment in CR-101-106 signed by appellant and filed with the court stated, "[Appellant] and his attorney do hereby acknowledge awareness and understanding of the charge(s) against [Appellant], to-wit: aggravated sexual assault."

The trial court conducted pretrial hearings on February 2, 2011, and on March 10, 2011. Of import to our later discussion is the fact that, at neither hearing did appellant complain about the indictments that were then pending against him. Subsequently, on August 2, 2011, the State reindicted appellant and filed two new indictments alleging the same offenses. As pertinent to this opinion, the indictment in No. 07-11-00354-CR alleged in relevant parts:

C0UNT I

Daniel Everett Brooks on or about the 15th day of August, 2010, did then and there intentionally or knowingly cause the penetration of the anus of R.E. by a wooden handle, without the consent of R.E., and the defendant did then and there by acts or words threaten to cause or place, R.E. in fear that death or serious bodily injury would be imminently inflicted on R.E., and said acts or words occurred in the presence of R.E.

COUNT II

And it is further presented in and to said Court that on the 15th day of August, 2010, the [appellant] did then and there intentionally or knowingly cause the penetration of the sexual organ of R.E. by [appellant's] sexual organ, without the consent of R.E., and the [appellant] did then and there by acts or words threaten to cause or place, R.E. in fear that death or serious bodily injury would be imminently inflicted on R.E., and said acts or words occurred in the presence of R.E.

---

[5] CR-101-106 was the original indictment alleging two counts of aggravated sexual assault.

The caption on the indictment at issue states that the offenses in Count I and Count II of the indictment are aggravated sexual assault. At a pretrial hearing on August 11, 2011, at the State's request and with appellant's agreement, the trial court carried forward all of the previously entered orders on the motions filed in the original cause numbers. The case then commenced to trial on August 15, 2011.

During voir dire, both the State and appellant discussed the nature of the case. The record reveals that the prospective jury was told that the charges against appellant were two counts of aggravated sexual assault and a separate indictment for felony assault. Appellant's trial counsel went into some detail regarding the first count of aggravated sexual assault. After the jury was selected and appellant had entered a plea of "Not guilty" to the indictments, the State presented its opening statement. In this opening statement, the State again outlined the evidence it intended to present to prove appellant guilty of two counts of aggravated sexual assault. During appellant's opening statement, trial counsel presented a theory that what occurred was consensual. At no time did appellant's trial counsel object that the indictment only charged appellant with the offense of sexual assault.

At the conclusion of the evidence, the trial court prepared its charge to the jury. The court's charge sets forth the charges of two counts of aggravated sexual assault with the lesser included offense of sexual assault as to each count. The record reveals that appellant did not object to the submission of the charge on the two offenses of aggravated sexual assault. During closing argument, appellant's trial counsel argued that the case was one of consensual sexual contact.

4

After hearing the evidence, the jury convicted appellant of sexual assault in Count I of the indictment and aggravated sexual assault in Count II of the indictment. Further, the jury also convicted appellant of felony assault. After hearing the evidence regarding punishment, the jury sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice, (ID-TDCJ) for a period of ten years in 07-11-00353-CR, twenty years in Count I of 07-11-00354-CR, and fifty years in Count II of 07-11-00354-CR. In each sentence, the jury assessed a fine of $10,000. The trial court entered judgment in each case to include the $10,000 fine. No motion for new trial was filed by appellant. Appellant gave notice of appeal, and this appeal follows.

Through six issues, appellant contests his convictions. Appellant contends that the indictment in Count II of No. 07-11-00354-CR charges only the offense of sexual assault and therefore, through four issues, asserts that the judgment is void. In the alternative, he contends that because the jury returned a verdict of guilt "as alleged in the indictment," his right to a jury trial was violated. In the further alternative, he maintains he suffered egregious harm by the submission to the jury of aggravated sexual assault. And, finally, in the further alternative, he argues that the jury charge caused egregious harm to appellant by permitting a guilty verdict on an invalid theory of guilt. Appellant's fifth issue contends that the judgment in No. 07-11-00354-CR improperly cumulates the fines. Appellant's sixth issue contends the evidence was insufficient to sustain the requirement that appellant pay for his appointed attorney. We will modify the judgment in cause No. 07-11-00354-CR and affirm the judgments of the trial court as modified.

5

Appellant's first three issues all revolve around the central contention that Count II of the indictment in No. 07-11-00354-CR could be read to charge only sexual assault. We will review these three issues together.  Initially, we observe that appellant is adamant that he is not challenging the sufficiency of the indictment.  Rather, he challenges the verdict rendered by the jury upon the charge submitted by the trial court. In essence, appellant's first contention is that the judgment convicting him of a first-degree felony of aggravated sexual assault is void because the indictment only charged him with sexual assault.  It follows, under appellant's analysis, that the trial court's charge authorized punishment outside the range of punishment for the offense charged and is, accordingly, void.  However, from the perspective of the Court, we must first review the indictment in question to ascertain to what charge appellant was asked to answer.

Standard of Review

Construction of an indictment is a matter of law that we review *de novo*.  See State v. Moff, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004).

Applicable Law

The requirements for an indictment are located in Article V, section 12 of the Texas Constitution:

> An indictment is a written instrument presented to a court by a grand jury charging a person with commission of an offense.  An information is a written instrument presented to a court by an attorney for the State

charging a person with the commission of an offense. The practice and procedures relating to the use of indictments, including their contents, amendments, sufficiency and requisites are provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the case.

TEX. CONST. art. V, § 12. In addition to the constitutional requirement regarding an indictment, the Texas Code of Criminal Procedure provides, in pertinent part:

If the defendant does not object to a defect, error, or irregularity of form or substance in the indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and may not raise the objection on appeal or in any postconviction proceeding. . . .

See TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005).[6]

Analysis

These provisions of the law have been the subject of numerous cases before the appellate courts in Texas. From these cases, we can glean some guidance. In Harrison v. State, 76 S.W.3d 537, 539 (Tex.App.—Corpus Christi 2002, no pet.), the Corpus Christi court pointed out that an indictment must contain the elements of the offense charged, fairly inform the defendant of charges he must prepare to meet, and enable the defendant to plead acquittal or conviction in bar to future prosecution for the same offense. How, then, do we view the language of Count II of the indictment in No.-07-11-00354-CR?

Appellant specifically challenges the following portion of the indictment:

---

[6] Further reference to the Texas Code of Criminal Procedure Ann. will be by reference to "Article ___," "article ___," or "art. ____."

> "[appellant] did then and there by acts or words threaten to cause or place, R.E. in fear that death or serious bodily injury would be imminently inflicted on R.E., and said acts or words occurred in the presence of R.E.

He contends that we must take a very technical view and, therefore, because of the perceived grammatical error in the placement of a comma, we must conclude that the indictment charged only sexual assault and not aggravated sexual assault. The State, on the other hand, simply says that this is a belated objection to the indictment that has been waived because the same was not made before the trial commenced. See art. 1.14(b).

Even before the amendments to Article V, section 12 of the Texas Constitution in 1985 and the amendment to article 1.14(b), in Oliver v. State, 692 S.W.2d 712, 714 (Tex.Crim.App. 1985), the Texas Court of Criminal Appeals stated that "an indictment which alleges all of the requisite elements of the particular offense in question will not be found to be deficient simply because it fails to precisely track the language of the statute." The court went on to point out that we should construe the indictment in the context and subject matter in which the words are employed. Id. Finally, the court directed that the construction of an indictment be done by reading the indictment as a whole and by practical rather than technical considerations. Id.

What does it mean to construe an indictment in the context and subject matter in which the words are employed? Id. First, in the case of Teal v. State, 230 S.W.3d 172, 173 (Tex.Crim.App. 2007), the Texas Court of Criminal Appeals dealt with a case which attempted to charge the felony offense of hindering apprehension under section 38.05 of the Texas Penal Code; yet the indictment failed to allege that appellant knew that the

8

person whose apprehension he hindered was a fugitive for a felony offense. Teal contended that the indictment only alleged a misdemeanor offense. Id. In writing for the court, Judge Cochran summed up the court's position in interpreting the changes to Article V, section 12 of the Texas Constitution and article 1.14(b) regarding whether the indictment in question charges an offense: the question is "whether the allegations in it are clear enough that one can identify the offense alleged." Id. at 180. The court then added, "Stated another way: Can the trial court (and appellate courts who give deference to the trial court's assessment) and the defendant identify what penal code provision is alleged?" Id. The court then analyzed the indictment and pointed out that, although the indictment was missing the required *mens rea*—that appellant knew the person he was assisting was a felony fugitive—the indictment clearly stated that the subject was a fugitive for the offense of failure to register as a sex offender, which is a felony. Id. at 182. The court concluded that the indictment, while defective in certain aspects, was clearly sufficient to charge an offense and that "one could fairly conclude from the face of the charging instrument that the State intended to charge a felony offense." Id. After finding that, in the case before it, the indictment when read as a whole was sufficient to vest the district court with subject matter jurisdiction and give the defendant notice of the offense the State intended to prosecute defendant for, the court pointed out that, if appellant was unsure of the offense, he should have challenged the indictment before trial commenced. Id.

Following Teal, the Texas Court of Criminal Appeals again addressed a situation where indictments purported to charge a felony but, on the face of the indictments, only alleged misdemeanor offenses. See Kirkpatrick v. State, 279 S.W.3d 324, 326

(Tex.Crim.App. 2009). In <u>Kirkpatrick</u>, the court considered the general question of whether the indictments at issue were sufficient to allege a felony offense and thereby vest the district court with jurisdiction.[7] <u>Id</u>. In analyzing the facts, as pertinent to the questions presented, the court pointed out that appellant in the case had been put on notice of the intent by the State to charge a felony. <u>Id</u>. at 329. Specifically, the face of each indictment contained the heading: "Indictment--Tampering with a Governmental Record 3rd Degree Felony, --TPC § 37.10(a)." <u>Id</u>. Therefore, according to the court, the appellant had adequate notice that she was charged with a felony. <u>Id</u>. If she had been confused about the charge, appellant could have, and should have, objected to the defective indictment before the date of trial. <u>Id</u>.

When we analyze the indictment under consideration in light of the opinions of the Texas Court of Criminal Appeals, we make the following observations: 1) the indictments were intended to charge the offenses of aggravated sexual assault, 2) the caption of the indictments contained language that indicated Counts I and II were charging appellant with the crime of aggravated sexual assault, 3) appellant filed a waiver of arraignment to the original indictment acknowledging that he was indicted for the offense of aggravated sexual assault in Counts I and II of the prior indictment, 4) the

_____

[7] The Court of Criminal Appeals granted the State's petition for discretionary review on three grounds.
1)  Did the Court of Appeals err by concluding that the district court did not have subject-matter jurisdiction?
2)  Where an offense can be charged as either a felony or a misdemeanor, does the return of the indictment into a court with subject-matter jurisdiction of only the felony offense indicate the State's intent to charge the felony offense?
3)  Is ambiguity or confusion about the particular offense that has been charged [sic] the type of objection to an indictment that must be raised by a defendant prior to the date of trial?

subsequent indictment did not materially change the charge, 5) the face of the reindictment again reflected that appellant was charged with two counts of aggravated sexual assault, 6) at the pretrial hearing on the new indictments on August 11, 2011, by the agreement of both parties, all previous rulings and motions were carried forward to the reindicted cause numbers, to include appellant's acknowledgement that he was charged with two counts of aggravated sexual assault, 7) during voir dire, the State explained, without objection from appellant, that appellant was charged with the offense of aggravated sexual assault, 8) during opening statements, the State outlined its proposed evidence and ended with asking the jury to convict appellant of two counts of aggravated sexual assault, 9) the court's charge outlined the elements of the offense of aggravated sexual assault as to both Count I and II of the indictment, and 10) appellant did not object to the charge. When this indictment is read in context and in consideration of the subject matter before the trial court, it is clear that appellant knew that he was charged with two counts of aggravated sexual assault. See Oliver, 692 S.W.2d at 714. Appellant invites this Court to read the indictment at issue in a hypertechnical manner without considering the context or subject matter of the indictment. Id. Further, it is equally clear that, if appellant had any question about what charge he had been asked to defend against, it was incumbent on appellant to file an objection with the court. See Kirkpatrick, 279 S.W.3d at 329. Having failed to do so, appellant has waived any such objection. Art. 1.14(b). Appellant's issue is simply an attempt to avoid the results of failing to object or filing a motion to quash. Accordingly, we reach the conclusion that the indictment in question in No. 07-11-00354-CR charged appellant with two counts of aggravated sexual assault.

11

Appellant relies on the case of Thomason v. State, 892 S.W.2d 8 (Tex.Crim.App. 1994), for the proposition that when an indictment facially charges a complete offense the intent of the State to charge a different offense is immaterial. Id. at 11. Thomason dealt with an indictment alleging felony theft of at least $20,000; however, the indictment contained no language that would aggregate the theft. Id. at 9. The evidence produced at trial showed that appellant had procured a total of ten checks, eight of which were in excess of $20,000. Id. at 10. At the conclusion of the State's case in chief, appellant filed a request to require the State to elect which check it sought to obtain a conviction on, and the trial court denied the request. Id. The Texas Court of Criminal Appeals subsequently reversed the judgment and remanded the case for the intermediate appellate court to consider appellant's remaining issues. Id. at 12.

When considering the Thomason case in the Kirkpatrick opinion, the Texas Court of Criminal Appeals pointed out that Thomason was factually distinguishable for two reasons, only one of which is important to our consideration. Kirkpatrick, 279 S.W.3d at 327. The court pointed out that appellant in Thomason had directed the trial court's attention to the error by his motion to require the State to elect which check it desired to convict appellant on. Id. In Kirkpatrick, this fact was enough to distinguish Thomason from the case before the court. Id. For the same reasons, the facts of Thomason are distinguishable from the case before the Court and, Thomason does not dictate the result appellant would have us reach.

Further, appellant cites this Court to Harris v. State, 359 S.W.3d 625, 629 (Tex.Crim.App. 2011), and Pruett v. State, 685 S.W.2d 411, 413 (Tex.App.—Austin

12

1985, pet. ref'd), for the proposition that we must view this indictment in light of the rules of grammar in making our determination about what the indictment charges. However, appellant takes these cases further than their respective holdings would indicate. First, Harris is a statutory construction case and, while on its face it does seem to stand for the proposition appellant cites it for, the fact that it is involving the question of interpretation of a statute distinguishes it from our situation. Harris holds that in construing a statute, we must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." Harris, 359 S.W.3d at 629 (quoting Boykin v. State, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991)). Boykin makes clear that the reason we must focus our attention in a statutory construction case on the precise language and literal text of the statute is because the Texas Constitution delegates the lawmaking function to the Legislature while assigning the law interpreting function to the Judiciary. Boykin, 818 S.W.2d at 785 (citing TEX. CONST. art. II, § 1). The case before us is not a statutory construction case; accordingly, appellant's citation to Harris is not controlling. Regarding appellant's reliance on Pruett, we note that Pruett was a pre-1985 Constitutional amendment case and, in the final analysis, even without the amendment to Article V, § 12 of the Constitution, the court held that when applying the rules of grammar and making a common sense reading of the charging instrument, the information was not fundamentally defective. See Pruett, 685 S.W.2d at 413. Accordingly, we do not find these cases to carry the day as appellant would direct.

To the contrary, Texas courts have long-recognized "the sensible proposition that incorrect grammar, bad spelling, bad hand writing, the use of words not technically in their correct sense or places will none of them make an indictment bad unless same

13

causes the thing intended to be charged, to lack sense or certainty." Westbrook v. State, 227 S.W. 1104, 1105 (Tex.Crim.App. 1921). Indeed, this Court has recognized this "sensible proposition" when it concluded that appellant was given specific notice by an indictment in which a comma placed after the last name in a series separated it from the verb following. Childress v. State, 807 S.W.2d 424, 431 (Tex.App.—Amarillo 1991, no writ) (citing Westbrook, 227 S.W. at 1105); see Hogue v. State, 711 S.W.2d 9, 14 (Tex.Crim.App. 1986), cert. denied, 479 U.S. 922, 93 L. Ed. 2d 301, 107 S. Ct. 329 (1986) ("fail[ing] to see how the wording of the indictment, although not grammatically correct, misled or confused appellant"); Malagon v. State, No. 05-97-01530-CR, 1999 Tex. App. LEXIS 6924, *12–13 (Tex. App.—Dallas Sept. 13, 1999, no pet.) (observing, simply, that "[a] misplaced comma does not alone nullify an indictment"). Nothing in the record before us indicates that appellant was misled or confused by the misplaced comma or that, as a result of it, appellant lacked notice of the allegations against him.

Having determined that appellant was charged by indictment in No. 07-11-00354-CR with the offense of aggravated sexual assault, we overrule appellant's first issue. The verdict of the jury–guilty as charged in the indictment–convicted appellant of the offense of aggravated sexual assault, and the punishment assessed was within the range of punishment for the convicted offense.

Because of our holding regarding the reading of the indictment, appellant's right to a jury trial upon the return of a verdict of guilty as charged in the indictment was met because the indictment did charge appellant with aggravated sexual assault. Appellant's second issue is overruled.

Appellant next contends that he suffered egregious harm by the submission to the jury of the offense of aggravated sexual assault. This argument is predicated upon appellant's erroneous assumption that the indictment did not charge that offense. Again, having determined that the indictment in No. 07-11-00354-CR was sufficient to charge that offense, appellant's basic premise is incorrect and, therefore, appellant has not suffered any egregious harm. Appellant's third issue is overruled.

Invalid Theory of Guilt

Appellant's fourth issue contends that he suffered egregious harm because the court's charge permitted him to be convicted on an invalid theory of guilt. Here, he offers an alternative reading based on comma placement: the jury charge, which mirrors the language of the indictment, *may* be read to allege one manner of committing aggravated sexual assault, but it should also be read to allege conduct that is not defined as a criminal act. Appellant further posits that since the verdict was a general verdict, and even if we have read the indictment to charge aggravated sexual assault, a valid theory of guilt, there is no way to ascertain whether appellant was convicted under a valid theory of guilt. This leads appellant to contend that we must reverse the judgment and remand the case for another trial.

Appellant couches his fourth issue as "a further alternative to Issue One." Issue one contended that the indictment in question only charged the offense of sexual assault and not the offense of aggravated sexual assault. For the reasons stated in the section regarding the indictment, we have previously found that the indictment in question did allege the offense of aggravated sexual assault. His fourth issue is

15

founded on the reading of the language in the jury charge that, based on his interpretation of the comma placement, permitted him to be convicted of aggravated sexual assault if the jury found that appellant placed the victim in the requisite fear or "threaten[ed] to cause" such fear, the latter not being a valid theory of guilt. However, appellant's alternate reading is also grounded in a hypertechnical construction, based upon a perceived error in the placement of a comma. We have previously rejected appellant's general approach.

Texas Penal Code section 22.021(a)(2)(A), as applicable in this case, provides two methods of demonstrating conduct that elevates the offense to an aggravated offense:

> (ii) by acts or words that places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person;
>
> (iii) by acts or words occurring in the presence of the victim threatens to cause the death, serious bodily injury, or kidnapping of any person.

See TEX. PENAL CODE ANN. § 22.021(a)(2)(A)(ii),(iii). In a rather clumsy manner, the jury charge appears to combine the two methods of alleging the aggravating conduct by tracking the language of the indictment: "did then and there by acts or words threaten to cause or place, R.E. in fear that death or serious bodily injury would be imminently inflicted on" her. While this may not be a model of drafting, we remain convinced that the charge, as did the indictment, alleges the requirements of subsections (ii) and (iii). See id.

To support appellant's position, he cites the Court to Hammock v. State, 211 S.W.3d 874, 876 (Tex.App.—Texarkana 2006, no pet.). Hammock involved an

16

accusation that the defendant possessed certain chemicals with intent to manufacture methamphetamine. Id. at 875. The indictment at issue listed the chemicals that the defendant was accused of possessing. Id. However, of the six chemicals alleged, the possession of only three was criminalized. Id. at 876. The charge submitted all of the chemicals at issue and explicitly allowed conviction on a finding that appellant possessed chemicals the possession of which were not criminalized. Id. Only if we accept appellant's proposed reading of the jury charge are we facing a Hammock issue. We have already rejected that proposition. Accordingly, appellant's fourth issue is overruled.

Cumulating of Fines

Appellant's fifth issue contends that the judgment in No. 07-11-00354-CR improperly cumulates the fines. The record reflects that appellant was convicted of felony assault in No. 07-11-00353-CR and sentenced to confinement for ten years in the ID-TDCJ and to pay a fine of $10,000. Additionally, in No. 07-11-00354-CR, the record reflects that appellant was found guilty in Count I of sexual assault and sentenced to 20 years confinement and a fine of $10,000. Further, the record reflects that appellant was found guilty of aggravated sexual assault in Count II and sentenced to 50 years confinement in the ID-TDCJ and a fine of $10,000. The sentences are to be served concurrently, yet appellant is ordered to pay all of the fines. The State has candidly admitted that the fines in No. 07-11-00354-CR have been improperly cumulated and, as such, should be omitted. Accordingly, we will modify the judgment in No. 07-11-00354-CR to delete the fines.

17

Attorney's Fees

Appellant's last issue contends that there was no evidence upon which to support the order that appellant pay for his appointed attorney, as required by the judgment in appellate cause No. 07-11-00354-CR.  Here, the State again candidly admits that the evidence does not support the order for appellant to repay his appointed attorney's fees. Accordingly, we will modify the judgment in cause No. 07-11-00354-CR to delete the payment of the attorney's fees by appellant.

Conclusion

Having overruled all of appellant's first four issues and having modified the judgment in cause No. 07-11-00354-CR to omit the cumulated fines and the order for appellant to pay his appointed attorney's fees, we affirm the judgments of the trial court as modified.

Mackey K. Hancock
Justice

Publish.