ACCEPTED
07-15-00104-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
7/15/2015 2:59:26 PM
Vivian Long, Clerk

NO. 07-15-104-CR

IN THE COURT OF APPEALS FOR

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
7/15/2015 2:59:26 PM
VIVIAN LONG
CLERK

# THE SEVENTH SUPREME JUDICIAL DISTRICT OF TEXAS

## AT AMARILLO, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# DRAKE JORDAN FINCH

APPELLANT,

v.

# THE STATE OF TEXAS

APPELLEE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM CAUSE NUMBER CR-14E-072 FROM THE
222nd JUDICIAL DISTRICT COURT OF DEAF SMITH COUNTY,
THE HONORABLE ROLAND SAUL PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# BRIEF FOR THE APPELLANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

John Bennett
Post Office Box 19144
Amarillo, Texas 79114
Telephone: (806) 282-4455
Facsimile: (806) 398-1988
State Bar No. 00785691
AppealsAttorney@gmail.com
Attorney for the Appellant

**THE APPELLANT REQUESTS ORAL ARGUMENT**

# IDENTITY OF PARTIES AND COUNSEL

1. **Appellant**

Drake Jordan Finch

| | |
|---|---|
| Trial Counsel: | Ryan Turman  (State Bar No. 24053525)<br>112 Southwest Eighth Avenue, Suite 540<br>Amarillo, Texas 79101<br>Telephone:  (806) 350-7395 |
| Appellate Counsel: | John Bennett  (State Bar No. 00785691)<br>P.O. Box 19144<br>Amarillo, Texas 79114<br>Telephone:  (806) 282-4455 |

2. **Appellee**

The State of Texas

| | |
|---|---|
| Trial Counsel: | James English  (State Bar No. 06625280)<br>Deaf Smith County Criminal District Attorney<br>William C. Strowd  (State Bar No. 19425400)<br>Assistant Criminal District Attorney<br>235 East Third Street, Room 401<br>Hereford, Texas 79045<br>Telephone:  (806) 364-3700 |
| Appellate Counsel: | James English  (State Bar No. 06625280)<br>Deaf Smith County Criminal District Attorney<br>235 East Third Street, Room 401<br>Hereford, Texas 79045<br>Telephone:  (806) 364-3700 |

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................ 2

Index of Authorities .............................................................................. 5

Statement of the Case ............................................................................ 9

Statement Regarding Oral Argument ....................................................... 9

Issue Presented ..................................................................................... 9

**1**.　　Aggravated assault is a first-degree felony <u>only</u> where an actor, among other things, actually "*uses*" a deadly weapon during the assault.  But the indictment alleges the appellant used *or exhibited* a deadly weapon, which characterizes a second-degree felony; the charge's application paragraph requires either use *or* exhibition; and the verdict form reflects guilt "as alleged in the indictment."  Since the conviction authorized is only a second-degree with no enhancements, is the forty-year sentence illegal?

**2**.　　Alternately, was the sentencing-phase jury charge egregiously harmful, since it listed the punishment range for first-degree aggravated assault when the verdict of guilt authorized only a second-degree sentence, and the jury returned a sentence of double the proper maximum for second-degree aggravated assault?

Statement of Facts ................................................................................ 12

Summary of the Arguments .................................................................... 14

Argument for Issue One ........................................................................ 15

　　　Introduction ............................................................................... 13

　　　Propriety of this Claim ................................................................. 16

　　　Standard of Review ...................................................................... 16

　　　Harm Analysis ............................................................................ 17

Underlying Law ................................................................17

The Import of the Statutory Language ...............................20

Analysis .........................................................................22

Conclusion .....................................................................25

Argument for Issue Two..................................................25

Propriety of this Claim....................................................25

Standard of Review .......................................................26

Analysis ........................................................................27

Prayer............................................................................28

Certificate of Compliance ..............................................28

Certificate of Service .....................................................29

Appendix..........................................................following page 29

*consisting of*:

Exhibit A.......................................................Judgment & Sentence

Exhibit B ....................................................................Indictment

Exhibit C..........................................Guilt/Innocence Jury Charge

Exhibit D ......................................Guilt/Innocence Verdict Form

Exhibit E ..................................................Sentencing Jury Charge

Exhibit F ..................................................Sentencing Verdict Form

# INDEX OF AUTHORITIES

Cases

*Almanza v. State*, 686 S.W.2d 171 (Tex.Crim.App. 1985) ..................... 13,26

*Abnor v. State*, 871 S.W.2d 726 (Tex.Crim.App. 1994) .............................17

*Arline v. State*, 721 S.W.2d 348 (Tex.Crim.App. 1986) .............................26

*Bean v. State*, 2000 WL 1091934 (Tex.App. – Beaumont,
    August 2, 2000, no pet.) (not designated for publication).................24

*Bell v. State*, 693 S.W.2d 434 (Tex.Crim.App. 1985) ...........................21-22

*Bowen v. State*, 374 S.W.3d 427 (Tex.Crim.App. 2012) ........................24-25

*Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App. 1991).............................21

*Brooks v. State*, 382 S.W.3d 601 (Tex.App. – Amarillo
    2012, pet. ref'd)......................................................................... 16,24

*Cartwright v. State*, 833 S.W.3d 134 (Tex.Crim.App. 1992)........................27

*Cook v. State*, 902 S.W.2d 471 (Tex.Crim.App. 1995)................................15

*Crenshaw v. State*, 378 S.W.3d 460 (Tex.Crim.App. 2013) ........................18

*Ellison v. State*, 86 S.W.3d 226 (Tex.Crim.App. 2002)...............................26

*Gollihar v. State*, 46 S.W.3d 243 (Tex.Crim.App. 2001)............................15

*Gore v. State*, 332 S.W.3d 669 (Tex.App. – Eastland
    2010, no pet.)...............................................................................17

*Gray v. State*, 152 S.W.3d 125 (Tex.Crim.App. 2004) ..............................13

*Gutierrez v. State*, 380 S.W.3d 167 (Tex.Crim.App. 2012)........................16

*Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App. 1997) ...........................16

*Hollaway v. State*, 446 S.W.3d 847 (Tex.App. – Texarkana
    2014, no pet.) .........................................................................20

*Hutch v. State*, 922 S.W.2d 166 (Tex.Crim.App. 1996) ........................26-27

*Kirkpatrick v. State*, 279 S.W.3d 324 (Tex.Crim.App. 2009) .......................15

*Ledezma v. State*, 2010 WL 2802181 (Tex.App. – Amarillo,
    July 16, 2010, pet. ref'd) (not designated for publication) ........... 18-19

*Mayham v. State*, 1996 WL 199557 (Tex.App. – Houston [1st
    Dist.], April 18, 1996, no pet.) ......................................................26

*Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App. 1997) ........................ 14,18

*Miller v. State*, 86 S.W.3d 663 (Tex.App. – Amarillo 2002,
    pet. ref'd) ...............................................................................21-22

*Mizell v. State*, 119 S.W.3d 804 (Tex.Crim.App. 2003) ........................ 16-17

*Murray v. State*, 261 S.W.3d 255 (Tex.App. – Houston [14th
    Dist.] 2008), *aff'd*, 302 S.W.3d 874 (Tex.Crim.App.
    2009) ...................................................................................17

*Ovalle v. State*, 13 S.W.3d 774 (Tex. Crim.App. 2000)..............................26

*Patterson v. State*, 769 S.W.2d 938 (Tex.Crim.App. 1989)..........................22

*Plata v. State*, 926 S.W.2d 300 (Tex.Crim. App. 1996) ..............................18

*Prytash v. State*, 3 S.W.3d 522 (Tex.Crim.App. 1999)..........................17,22

*Ex parte Rich*, 194 S.W.3d 508 (Tex.Crim.App. 2006)........................18,23

*Rubio v. State*, 2004 WL 1127171 (Tex.App. – El Paso, May
    20, 2004, no pet.) (not designated for publication)...........................16

*State v. Baize*, 947 S.W.2d 307 (Tex.App. – Amarillo 1997),
  *aff'd*, 981 S.W.2d 204 (Tex.Crim.App. 1998) ..................................17

*State v. Marroquin*, 253 S.W.3d 783 (Tex. App. – Amarillo
  2007, no pet.)..................................................................................25

*TGC-NOPEC Geophysical Company v. Combs*, 340 S.W.3d 432
  (Tex. 2011) .....................................................................................20

*Teal v. State*, 230 S.W.3d 172 (Tex.Crim.App. 2007) ..............................14

*Vasquez v. State*, 389 S.W.3d 361 (Tex.Crim.App. 2012) .........................18

*Vidales v. State*, __ S.W.3d __, 2015 WL 4116140 (Tex.App.
  – Amarillo, July 7, 2015, no pet.)...................................................27

*Warner v. State*, 245 S.W.3d 458 (Tex.Crim.App. 2008)...........................26

Statutes

TEX. CODE CRIM. PRO. ANN. Art. 1.14(b)

  (Vernon supp. 2013)........................................................................14

TEX. CODE CRIM. PRO. ANN. Art. 21.02(7)

  (Vernon supp. 2013)........................................................................23

TEX. CODE CRIM. PRO. ANN. Art. 36.14

  (Vernon supp. 2013)........................................................................13

TEX. PEN. CODE ANN. § 22.02 (Vernon supp. 2013) ......................20-21

Rule

TEX. R. APP. P. 38.1 ................................................................................ 8

NO. 07-15-104-CR

IN THE COURT OF APPEALS FOR

# THE SEVENTH SUPREME JUDICIAL DISTRICT OF TEXAS

## AT AMARILLO, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# DRAKE JORDAN FINCH

APPELLANT,

v.

# THE STATE OF TEXAS

APPELLEE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM CAUSE NUMBER CR-14E-072 FROM THE
222nd JUDICIAL DISTRICT COURT OF DEAF SMITH COUNTY,
THE HONORABLE ROLAND SAUL PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# BRIEF FOR THE APPELLANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**To the Honorable Justices of the Court of Appeals:**

COMES NOW Drake Jordan Finch, appellant, and submits this Brief under TEX. R. APP. P. 38.1, requesting a new sentencing hearing with a second-degree felony range in this cause.

## STATEMENT OF THE CASE

The appellant pled not guilty to a charge of aggravated assault with serious bodily injury on a household member with use or exhibition of a deadly weapon. But a jury convicted him and returned a sentence of forty years' imprisonment, which the trial court imposed. (Clerk's Record (CR), p. 84) (Appendix, Exhibit A – Judgment & Sentence *Nunc pro Tunc*).

## STATEMENT REGARDING ORAL ARGUMENT

Since both issues below are based on unusual facts, the appellant requests oral argument.

## ISSUES PRESENTED

**1**.    Aggravated assault is a first-degree felony <u>only</u> where an actor, among other things, actually "*uses*" a deadly weapon during the assault. But the indictment alleges the appellant used *or exhibited* a deadly weapon, which characterizes a second-degree felony; the charge's application paragraph requires either use *or* exhibition; and the verdict form reflects guilt "as alleged in the indictment." Since the conviction authorized is only a second-degree with no enhancements, is the forty-year sentence illegal?

**2**.    Alternately, was the sentencing-phase jury charge egregiously harmful, since it listed the punishment range for first-degree aggravated assault when the verdict of guilt authorized only a second-degree sentence, and the jury returned a sentence of double the maximum for second-degree aggravated assault?

## STATEMENT OF FACTS

The indictment, charge and verdict

The indictment returned contains, as many do, a notation of the "target offense" for which the State sought a conviction. Here this is on the indictment's cover page. But the target offense listed is simply "aggravated assault." (CR, p. 7) (Appendix, Exhibit B). And the indictment's language alleges the appellant, while committing assault, "did then and there use *or exhibit a deadly weapon*, to-wit: his hand or an unknown object, during the commission of said assault…" (CR, p. 6) (Exhibit B) (emphasis added).

At the start of trial the State read aloud the full indictment, including "use or exhibit a deadly weapon," before the jury so the plea could be formally taken. (Reporter's Record, (RR) v. 4, p. 11). And the jury charge instructed that *either* use *or* exhibition was sufficient to find guilt as charged:

10

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of March, 2014, in Deaf Smith County, Texas, the defendant, DRAKE JORDAN FINCH, did then and there intentionally, knowingly, or recklessly cause serious bodily injury to Ruth Simms by striking her or by causing her head to strike an object or by shaking her, and the defendant did then and there use *or exhibit a deadly weapon*, to-wit: his hand or an unknown object, during the commission of said assault, and the said Ruth Simms was a member of the defendant's household, as described by Section 71.005 of the Texas Family Code, then you will find the defendant guilty as charged.

(CR, p. 65) (emphasis added) (Exhibit C). The verdict form shows the jury found guilt "of Aggravated Assault *as alleged in the indictment*." (CR, p. 70) (emphasis added) (Exhibit D). The sentencing charge then instructed that the range was five to 99 years, (CR, p. 72). The sentencing verdict, as noted, was 40 years' imprisonment. (CR, p. 72, 76) (Exhibits E & F).

The evidence

Before trial the complainant filed four affidavits of non-prosecution, (CR, p. 12; RR, v. 4, p. 33-4, 246-249; v. 7, State's Exhibit 21), and testified favorably for the defense. But the rest of the evidence was highly damaging to the appellant, and while some feasible appellate issues appear in the record, none, in undersigned counsel's opinion, satisfy the burden applicable to non-constitutional error. At sentencing more harmful evidence was presented, most via hearsay, but trial counsel did not object on that basis.

## SUMMARY OF THE ARGUMENTS

In Issue One the appellant respectfully contends that the indictment charges him only with second-degree aggravated assault, that no prior felonies were alleged for enhancement, and that the verdict found him guilty as charged, but that the punishment was double the maximum for this offense. The case law and axiomatic principles dictate that the evidence of the higher offense is *irrelevant* to such a claim. No complaint is made about the indictment, the adequacy of the charge or the signed verdict; these are proper and valid. The appellant challenges only the judgment of first-degree aggravated assault and sentencing based on the first-degree range.

In Issue Two the appellant respectfully urges that, in the alternative, the sentencing-phase charge caused egregious harm, since it permitted the jury to return a verdict of more than the maximum for a second-degree felony with no enhancements. This deprived the appellant of a valuable right: that of being sentenced under the proper range. The result – a sentence double the maximum under the correct range for the offense for which the appellant was indicted and convicted – can scarcely be called anything but egregious harm. Under either Issue, remand for re-sentencing under the proper punishment range is accordingly necessary.

# ARGUMENT FOR ISSUE ONE

Aggravated assault is a first-degree felony <u>only</u> where an actor, among other things, actually "*uses*" a deadly weapon during the assault. But the indictment alleges the appellant used *or exhibited* a deadly weapon, which characterizes a second-degree felony; the charge's application paragraph requires either use *or* exhibition; and the verdict form reflects guilt "as alleged in the indictment." Since the conviction authorized is only a second-degree with no enhancements, is the forty-year sentence illegal?

## Introduction

At the outset, the appellant raises no claim that the guilt/innocence phase jury charge was erroneous, *i.e.*, that an essential element was merely omitted from the application paragraph. Such an error would be analyzed under *Almanza v. State*, 686 S.W.2d 171 (Tex.Crim.App. 1985), as applies to the appellant's Issue Two. While *Almanza* applies where the charging instrument properly states the essential elements but the charge does not; here the jury charge was unobjectionable; its application paragraph recited the offense's essential elements precisely as the indictment stated them. Hence *Almanza* analysis is inappropriate. A "trial court is required to fully instruct the jury on the law applicable to the case and to apply that law to the facts presented." *Gray v. State*, 152 S.W.3d 125, 127 (Tex.Crim.App. 2004); TEX. CODE CRIM. PRO. ANN. Art. 36.14 (Vernon supp. 2013). Here the trial court did precisely that.

13

Nor is this a claim that the evidence was legally insufficient to sustain the verdict. Under *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App. 1997), *that* type of issue disregards the jury charge as given and compares the evidence to a "hypothetically correct" charge. *Id*. at 240. But the guilt/innocence charge was entirely correct, and the appellant raises no evidentiary insufficiency claim.

Nor is this a complaint that the indictment gave the appellant insufficient notice, for which he would have had to object before the trial began. TEX. CODE CRIM. PRO. ANN. Art. 1.14(b) (Vernon supp. 2013). A lack of notice is not a part of an illegal sentence claim.

Nor does the appellant claim that the indictment is otherwise defective or vague or does not charge an offense, or that jurisdiction below was lacking. Thus *Teal v. State*, 230 S.W.3d 172 (Tex.Crim. App. 2007), does not apply either – there the Court of Criminal Appeals ruled solely on the indictment's efficacy, *i.e.*, that the indictment, while omitting an essential element of felony hindering apprehension, was defective but nevertheless conferred jurisdiction, since it charged an actual offense "and one could fairly conclude from the face of the charging instrument that the State intended to charge a felony offense." *Teal*, 230 S.W.3d at 182: "If appellant was confused about whether the State did or intended to charge him with a

14

felony, he could have and should have objected" to the indictment's defects "before the date of trial." *Id*; see also *Kirkpatrick v. State*, 279 S.W.3d 324 (Tex.Crim.App. 2009) (which is similar). Here no confusion exists; the accusation the indictment makes is perfectly legitimate and patently clear – it charges both a person and an offense, and is thus valid. *Cook v. State*, 902 S.W.2d 471, 477 (Tex.Crim.App. 1995). And here the appellant does not complain in any way about jurisdiction, or the indictment's effective manner of charging him with a felony. The indictment was not defective, and nothing in or about it exists about which the appellant could reasonably complain. The appellant merely points to the improper *effect* the judgment gives to the truly proper indictment, the thoroughly accurate guilt/innocence charge, and the verdict of guilt as alleged in the indictment; the judgment lists first-degree aggravated assault instead of the actual offense of conviction – the second-degree version of that offense – and the sentence solely in the range of a first-degree felony is consequently illegal.

Nor does the appellant claim that a material variance exists between the indictment and the evidence. A complaint of a material variance generally involves the sufficiency of the evidence, as was raised in *Gollihar v. State*, 46 S.W.3d 243 (Tex.Crim.App. 2001). But no such issue is raised here.

Nor, finally, does the appellant request that the Court read the verdict *or* the indictment in a "hypertechnical manner without considering the context or subject matter of the indictment," as in *Brooks v. State*, 382 S.W.3d 601, 607 (Tex.App. – Amarillo 2012, pet. ref'd). After all, here a mere cursory reading of the indictment shows that, via the language of "use *or* exhibit," the indictment, the jury charge's application paragraph and the consequent verdict make up only second-degree aggravated assault.

## The Propriety of this Claim

An illegal sentence cannot be waived; it may be challenged at any time. *Gutierrez v. State*, 380 S.W.3d 167, 174-5 (Tex.Crim.App. 2012). This comports with the principle that "any court – trial or appellate – may notice, on its own, an illegal sentence and rectify that error." *Mizell v. State*, 119 S.W.3d 804, 805 (Tex.Crim.App. 2003).

## Standard of Review

"Questions regarding the legality of a sentence are questions of law, and we review them under a *de novo* standard." *Rubio v. State*, 2004 WL 1127171, at *1 (Tex.App. – El Paso, May 20, 2004, no pet.) (not designated for publication), citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

Harm Analysis

An illegal sentence is inherently harmful, at least in the circumstances presented here; such a punishment is void and has no legal effect. *Mizell*, 119 S.W.3d at 806. And a "void judgment cannot stand." *Murray v. State*, 261 S.W.3d 255, 261 (Tex.App. – Houston [14th Dist.] 2008), *aff'd*, 302 S.W.3d 874 (Tex.Crim.App. 2009).

And a sentence is illegal if it transgresses either "1) jurisdictional limitations," *i.e.*, the sentence falls "outside the range of punishment allotted by statute," or "(2) fundamental constitutional principles." *State v. Baize*, 947 S.W.2d 307, 310-11 (Tex.App. – Amarillo 1997), *aff'd*, 981 S.W.2d 204 (Tex.Crim.App. 1998).

Underlying Law

"A defendant may be tried only on the offenses listed in the indictment." *Gore v. State*, 332 S.W.3d 669, 673 (Tex.App. – Eastland 2010, no pet.), citing *Abnor v. State*, 871 S.W.2d 726, 728 (Tex.Crim.App. 1994). And

> Just as a statute requires a jury verdict on the punishment issues in a capital trial, the United States Constitution requires a jury verdict on each element of the offense at the guilt stage of every criminal trial.

*Prytash v. State*, 3 S.W.3d 522, 532 (Tex.Crim.App. 1999).

17

A jury charge's application paragraph is enormously important to determining the verdict the jury reached; that paragraph

> applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations. Because that paragraph specifies the factual circumstances under which the jury should convict or acquit, it is the "heart and soul" of the jury charge.

*Vasquez v. State*, 389 S.W.3d 361, 366-7 (Tex.Crim.App. 2012). Most importantly, it "is the application paragraph of the charge, not the abstract portion, *that authorizes a conviction*." *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex.Crim.App. 2013) (emphasis added). And "jurors are not authorized to return a verdict except under those conditions given by the application paragraph of the charge." *Plata v. State*, 926 S.W.2d 300, 302 (Tex.Crim. App. 1996), overruled on other grounds by *Malik, supra*.

And crucially, a claim that a sentence is illegal is distinct from one of insufficient evidence; *the sum of the evidence is irrelevant* in illegal sentence analysis. See *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex.Crim.App. 2006) (a plea of "true" to an enhancement paragraph, which relieves the State of the burden of producing evidence of the prior conviction, does not apply "when 'the record affirmatively reflects' that the enhancement is itself improper" – and implicitly, the sentence is accordingly illegal). Similarly, but in a situation of unsuccessful indictment amendment, in *Ledezma v. State*, 2010

WL 2802181 (Tex.App. – Amarillo, July 16, 2010, pet. ref'd) (not designated for publication), the indictment accused the appellant of possessing with intent to deliver four to 200 grams of methamphetamine. The State's attempt to amend the indictment to reflect 400 grams or more failed, so *despite the transparent evidence of a quantity exceeding 400 grams*, the offense of conviction was reformed to reflect the lesser offense of four to 200 grams. *Ledezma*, 2010 WL 2802181, at *1-*2. Unlike here, though, the sentence assessed was within both applicable sentencing ranges and was unlikely to be less in a new punishment hearing, so remand was unnecessary. *Id.* at *1-*2.

The law of aggravated assault requires use or exhibition of a deadly weapon in order to convict a defendant of a *second*-degree felony, but where punishment is sought as a *first*-degree felony, an indictment alleging either use *or* exhibition – and a consequent verdict of use *or* exhibition – fall short:

> (a)   A person commits an offense if the person commits assault as defined in § 22.01 and the person:
>
> > (1)   causes serious bodily injury to another, including the person's spouse; or
>
> > (2)   *uses or exhibits* a deadly weapon during the commission of the assault.
>
> (b)   An offense under this section is a felony of the second degree, except that the offense is a felony of the *first degree if*:

(1) the actor *uses* a deadly weapon during the commission of the assault and causes serious bodily injury to a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code…

TEX. PEN. CODE ANN. § 22.02 (Vernon supp. 2013) (emphases added).

The other circumstances raising second-degree aggravated assault to a first-degree felony – involving public servants, retaliation and offenses in motor vehicles, § 22.02(b)(2-3) – do not apply here.

And the courts have previously recognized the omission of "exhibition" of a deadly weapon from § 22.02(a). See *e.g. Hollaway v. State*, 446 S.W.3d 847, 853 (Tex.App. – Texarkana 2014, no pet.) ("we observe that aggravated assault rises to the level of a first degree felony only if 'the actor uses a deadly weapon during the commission of the assault'…").

The import of the statutory language

The courts "presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while *purposefully omitting words not chosen*." *TGC-NOPEC Geophysical Company v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) (emphasis added). For whatever reason it saw fit, the Legislature omitted "exhibit" and "exhibition" from the statute stating the essential elements of first-degree aggravated assault. The

Legislature thus required a jury finding that a deadly weapon specifically be *used* in order to raise the offense to a first-degree one. And unless literal interpretation of a provision's language "would lead to absurd consequences that the Legislature could not *possibly* have intended," *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991) (emphasis in original), the reason for the Legislature's omission of "or exhibit" from the language § 22.02(b)(1) seems a less than worthwhile subject for conjecture.

The question here, then, ultimately turns on whether a *difference* exists between "use" and "exhibit." If such a difference lies, the indictment charges only second-degree aggravated assault, since it does not require a verdict of "use" of a deadly weapon, but only that the appellant be shown to have used *or exhibited* such a weapon, which does not fulfill § 22.02(a).

And the Court *has found* that a valid difference exists between "use" and "exhibit" in the context of aggravated assault. In *Miller v. State*, 86 S.W.3d 663 (Tex.App. – Amarillo 2002, pet. ref'd), a defendant complained that the trial court had not charged the jury on deadly conduct. To support his argument the defendant cited *Bell v. State*, 693 S.W.2d 434 (Tex.Crim. App. 1985), in which deadly conduct under the facts of *Bell* was deemed a lesser-included offense of aggravated assault. There – as here – the indictment required *use* of a deadly weapon, not use or exhibition. *Bell*, 693

21

S.W.2d at 436. But in *Miller* the indictment permitted a guilty verdict on a finding of either use *or* exhibition. The distinction was crucial:

> Thus, proving the offense as alleged in the indictment does not require proof that appellant "used" a deadly weapon; proof that appellant "exhibited" a deadly weapon in the commission of the offense would suffice. The difference is dispositive…

*Miller*, 86 S.W.3d at 666-7 (emphasis added); see also *Patterson v. State*, 769 S.W.2d 938 (Tex.Crim.App. 1989):

> At the outset it is essential to note that "use" and "exhibit" are not synonymous. Each word is exemplary of different types of conduct. "Use," as a verb, may mean a number of things. For example, "use" is defined as "to put into action or service: have recourse to or enjoyment of: employ ... to carry out a purpose or action by means of: make instrumental to an end or process: apply to advantage: turn to account: utilize" … "Exhibit," on the other hand, as a verb, is much more definitive in its meaning: "to present to view: show, display: as a. to show (as a feeling) or display (as a quality) outwardly esp. by visible signs or actions.

*Id*. at 940-1.

Analysis

The jury verdict on the essential element of first-degree aggravated assault, constitutionally required under *Prytash* – here the *use* of a deadly weapon – was absent. The jury verdict reflected a finding that the appellant used *or exhibited* a deadly weapon, and *Miller* and *Patterson* make clear that use and exhibition are not synonymous. Use is inherently more serious.

The appellant expects the State to respond that the evidence clearly shows he used a deadly weapon, and that the error is harmless. But any such surmise is meaningless; the sum of the evidence cannot make up for the failure to charge and submit to the jury the proper elements of the offense for which the State at trial made clear it wished to convict the appellant. See *Rich*, 194 S.W.3d at 513; *Karamvellil*, 2008 WL 5147116, at *3. And even if *Rich* and *Karamvellil* did not exist, accepting this argument would ignore axiomatic legal principles. An indictment cannot be "shaped" and made acceptable by any evidence that might come up at trial. If it could, the law requiring that in an indictment the "offense must be set forth in plain and intelligible words," TEX. CODE CRIM. PRO. ANN. Art. 21.02(7) (Vernon supp. 2013), would be of no effect – anyone suspected of a crime could be hauled into court based on an indictment containing *any* accusation, and tried, convicted and sentenced for whatever the evidence might show.

And the State itself read the indictment aloud, including the phrase "use or exhibit," with the jury present, before opening statements, (RR, v. 4, p. 11) – and made no move before or even during trial to amend the indictment to omit the "or exhibit" language. The State cannot legitimately demand now that the supposed oversight in the indictment and application paragraph, using the language the State approved, be overlooked.

23

A similar situation occurred in *Bean v. State*, 2000 WL 1091934 (Tex.App. – Beaumont, August 2, 2000, no pet.) (not designated for publication). That opinion issued is sparse, but undersigned counsel represented that appellant as well. The indictment in *Bean* purportedly alleged capital murder, but did not specify that the murder was *intentional*, which the statute at the time required for murder in a penal institution; the indictment instead accused that the appellant "intended to cause serious bodily injury and committed an act clearly dangerous to human life that resulted in death." *Id*. at 1. This was found fatal to the conviction. Of course, *Bean* predated *Bowen v. State*, 374 S.W.3d 427, 432 (Tex.Crim.App. 2012), and the latter permits reformation of the judgment to the true offense and remand for re-sentencing. In *Bean* no such result was possible, so a full new trial was ordered. *Id*. at *1. In light of *Bowen*, the appellant here requests only a new sentencing hearing with a second-degree range.

Nor, as noted earlier, does taking note of the inclusion of "or exhibit" in the essential elements listed entail reading "the indictment at issue in a hypertechnical manner without considering the context or subject matter of the indictment," as the Court deemed the only way the appellant's main complaint in *Brooks*, 382 S.W.3d at 607. The indictment's language is plain and not confusing, and cannot be read hypertechnically.

24

Conclusion

A punishment that falls outside the proper range requires remand for re-sentencing. *State v. Marroquin*, 253 S.W.3d 783, 785 (Tex. App. – Amarillo 2007, no pet.); TEX. CODE CRIM. PRO. ANN. Art. 44.29(c) (Vernon supp. 2013). Here the evidence presented is unquestionably legally sufficient to convict the appellant of the second-degree aggravated assault listed in the indictment. Since his sentence exceeds the maximum possible for that offense and no enhancements were alleged or proven, the proper result is reformation of the judgment and remand for a new punishment hearing with a proper range of two to 20 years. *Bowen*, 374 S.W.3d at 432.

## ARGUMENT FOR ISSUE TWO

Alternately, was the sentencing-phase jury charge egregiously harmful, since it listed the punishment range for first-degree aggravated assault when the verdict of guilt authorized only a second-degree sentence, and the jury returned a sentence of double the proper maximum for second-degree aggravated assault?

The Propriety of this Claim

The lack of a timely objection to an erroneous jury charge does not preclude its being raised on appeal; it merely heightens the appellant's burden. *Almanza*, 686 S.W.2d at 157.

Standard of Review

Absent proper objection, an appellant claiming a jury charge error to which no sufficient objection was made at trial may "obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial' – in short 'egregious harm'." *Almanza*, 686 S.W.2d at 171. Egregious errors "deprive the defendant of a 'valuable right' or 'vitally affect a defensive theory'." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim. App. 1996). This "is a difficult standard and must be proved on a case-by-case basis." *Ellison v. State*, 86 S.W.3d 226, 227 (Tex.Crim.App. 2002).

But no "*direct* evidence of harm" is required "to establish egregious harm," *Hutch*, 922 S.W.2d at 171 (emphasis added) – "No party should have a burden to prove harm from an error, and there ordinarily is no way to prove 'actual' harm." *Ovalle v. State*, 13 S.W.3d 774, 787 (Tex. Crim.App. 2000). And "burdens of proof or persuasion have no place in" *Almanza* analysis. *Warner v. State*, 245 S.W.3d 458, 464 (Tex.Crim.App. 2008).

Specifically, where a charge has been found erroneous and the sentence thus "exceed[s] the lawful range of punishment," egregious harm has been found. *Mayham v. State*, 1996 WL 199557, at *2 (Tex.App. – Houston [1st Dist.], April 18, 1996, no pet.), citing *Almanza* and *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App. 1986). Where the sentence falls

*within* the lawful range, though, egregious harm is much less likely. See *e.g.* *Cartwright v. State*, 833 S.W.3d 134, 136 (Tex.Crim.App. 1992).

Analysis

In *Vidales v. State*, __ S.W.3d __, 2015 WL 4116140 (Tex.App. – Amarillo, July 7, 2015, no pet.), the sentencing charge did not require a finding that enhancements be properly sequenced. Since the correct range would be that of a second-degree felony range but the jury, acting on the charge's instruction to use first-degree range, the punishment of 62 years was illegal. The charge was found to be egregiously harmful, and the case was accordingly remanded for re-sentencing. *Id*. at *6. After all, authorizing the jury to assess a sentence higher than the law permits inherently deprives the defendant of a "valuable right." *Hutch*, 922 S.W.2d at 171. And the harm is manifest where, as here, the jury selects a sentence *outside* the proper range.

The result ordered in *Vidales* is proper here. The sentencing charge should have given a range of two to 20 years, but instead instructed that five to 99 years was correct. And the jury returned a sentencing verdict of 40 years, thus above the second-degree range. The charge was thus egregiously harmful in the same way as that in *Vidales*, and re-sentencing is necessary.

27

## PRAYER

For the reasons stated the appellant prays the Court order a new sentencing hearing on second-degree aggravated assault, or order all relief the Court may deem appropriate.

Respectfully submitted,

/s/ JOHN BENNETT
John Bennett
Post Office Box 19144
Amarillo, Texas 79114
Telephone: (806) 282-4455
Facsimile: (806) 398-1988
State Bar No. 00785691
AppealsAttorney@gmail.com
Attorney for the Appellant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this entire Brief contains 5,279 words.

/s/ JOHN BENNETT
John Bennett

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above was served by United States Mail, first class postage prepaid, on James English, Esq., Deaf Smith County Criminal District Attorney, to him at 235 East Third, Room 401, Hereford, TX 79045, on July 15, 2015.

/s/ JOHN BENNETT
John Bennett

# APPENDIX

<u>Exhibit A</u>

# JUDGMENT & SENTENCE



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF DEAF SMITH COUNTY, TEXAS |
| | § | |
| DRAKE JORDAN FINCH | § | 222ND JUDICIAL DISTRICT |
| | § | |
| STATE ID NO.: TX 50046875 | § | |

## JUDGMENT OF CONVICTION BY JURY-NUNC PRO TUNC

| | | |
|---|---|---|
| Judge Presiding: **HON. Roland Saul** | Date Judgment Entered: | **February 26, 2015** |
| Attorney for State: **Jim English** | Attorney for Defendant: | **Ryan Turman   Atty Fees: $-0-** |

Offense for which Defendant Convicted:

**Aggravated Assault with a Deadly Weapon and Serious Bodily Injury on a Household Member**

| | |
|---|---|
| Charging Instrument: **INDICTMENT** | Statute for Offense: **Section 22.02 (b)(1) of the Texas Penal Code** |

Date of Offense:
**March 22, 2014**

| | |
|---|---|
| Degree of Offense: **1st Degree felony** | Plea to Offense: **Not Guilty** |
| Verdict of Jury: **GUILTY** | Findings on Deadly Weapon: **did use a deadly weapon, to-wit: his hand or an unknown object** |

| | | | |
|---|---|---|---|
| Plea to 1st Enhancement Paragraph: | **n/a** | Plea to 2nd Enhancement/Habitual Paragraph: | **n/a** |
| Findings on 1st Enhancement Paragraph: | **n/a** | Findings on 2nd Enhancement/Habitual Paragraph: | **n/a** |

| | | |
|---|---|---|
| Punishment Assessed by: **JURY** | Date Sentence Imposed: **February 26, 2015** | Date Sentence to Commence: **February 26, 2015** |
| Punishment and Place of Confinement: | **40 years in the Texas Department of Criminal Justice Institutional Division** | |

### THIS SENTENCE SHALL RUN N/A.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $0 | $434.00 | $ -0- | ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) n/a |

**Sex Offender Registration Requirements** DO NOT APPLY **to the Defendant.** TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

Time Credited:

Days Credit: **342 days**      NOTES:

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Deaf Smith** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The  was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

### Punishment Assessed by Jury / Court / No election  (select one)

☒ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options  (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Texas Department of Criminal Justice Institutional Division . The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Deaf Smith County District Clerk's office. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of Deaf Smith County, Texas on the date the sentence is to commence. Defendant shall be confined in the    County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the Deaf Smith County Clerk. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY**. The Court **ORDERS** Defendant to proceed immediately to the Office of the **District Clerk, Deaf Smith** County, Texas. Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence  (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**THIS NUNC PRO TUNC WAS DONE TO DELETE THE ATTORNEY FEES, CORRECT THE YEAR THIS JUDGMENT WAS SIGNED  AND TO INDICATE THAT THE DEFENDANT "APPEARED IN PERSON WITH COUNSEL."**

Signed and entered on this the 2 of April, 2015.

FILED in the 222nd District Court under the case/file number as indicated and on the date and time stamped.

*Elaine Gerber*

**ELAINE GERBER**
District Clerk, Deaf Smith County, TX
By_____Deputy
04-02-15A10:55 FILE

C: DA
Sheriff
CSCD
Ryan
Turman

ROLAND SAUL, JUDGE
222nd Judicial District
Deaf Smith County, Texas

DRAKE JORDAN FINCH
D.O.B.: 7/26/90
SS#: 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

Right Thumbprint

<u>**Exhibit B**</u>

# INDICTMENT

NO. CR-14E-072

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, in and for the County of Deaf Smith, State aforesaid, duly organized, impaneled, and sworn as such, at the January Term, A.D., 2014, of the District Court of the 222nd Judicial District in and for said County and State, upon their oaths, present in and to said Court that DRAKE JORDAN FINCH, who is hereinafter styled Defendant, on or about the 22nd day of March, 2014, and anterior to the presentment of this indictment, in the County and State aforesaid, did then and there intentionally, knowingly, and recklessly cause serious bodily injury to Ruth Simms by striking her or by causing her head to strike an object or by shaking her, and the defendant did then and there use or exhibit a deadly weapon, to-wit: his hand or an unknown object, during the commission of said assault, and the said Ruth Simms was a member of the defendant's household, as described by Section 71.005 of the Texas Family Code.

against the peace and dignity of the State.

Asst. Criminal District Attorney

Foreman of the Grand Jury

6

NO. CR- *14 E-072*

## THE STATE OF TEXAS

## V.

## DRAKE JORDAN FINCH

## INDICTMENT

OFFENSE: AGGRAVATED ASSAULT

ATTORNEY: RYAN TURMAN

A TRUE BILL: _____
Foreman of the Grand Jury

FILED

FILED in the 222nd District Court under the case/file number as indicated and on the date and time stamped.

*Jean Coody*

JEAN COODY
District Clerk, Deaf Smith County, TX
By _____ Deputy

\*\*\*\*\*\*\*\*\*\*\*\*
Amount of Bail
$ 50,000
\*\*\*\*\*\*\*\*\*\*\*\*
JP Case#_____

05-28-14P01:49 FILE

| STATE OF TEXAS | § |
| COUNTY OF DEAF SMITH | § |

I, **JEAN COODY**, Clerk of the 222nd Judicial District Court of Deaf Smith County, Texas, do hereby certify that the within and foregoing is a true and correct copy of the Original Bill of Indictment filed in said Court on the date and time stamped above in the captioned styled and numbered cause.

Given under my hand and the seal of said Court, at office in Hereford, Texas, this 28th day of May, A.D. 20 14.

_____
**JEAN COODY**
District Clerk-Deaf Smith County, Texas

By: _____, Deputy

7

**Exhibit C**

# GUILT/INNOCENCE CHARGE

NO. CR-14E-072

| THE STATE OF TEXAS | { | IN THE DISTRICT COURT OF |
| VS. | { | DEAF SMITH COUNTY, TEXAS |
| DRAKE JORDAN FINCH | { | 222ND JUDICIAL DISTRICT |

## CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

The defendant, DRAKE JORDAN FINCH, stands charged by indictment with the offense of Aggravated Assault alleged to have been committed on or about the 22nd day of March, 2014, in Deaf Smith County, Texas. The defendant has pleaded not guilty.

1.

Our law provides that a person commits an assault if the person intentionally or knowingly or recklessly causes bodily injury to another.

A person commits aggravated assault if the person commits an assault, as defined above, and causes serious bodily injury to another.

A person commits aggravated assault if the person commits an assault, as defined above, but commits the assault with a deadly weapon.

2.

"Bodily injury" means physical pain, illness or any impairment of physical condition.

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

A "deadly weapon" means anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury, or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

"Household," as described by Section 71.005 of the Texas Family Code, means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other.

64

## 3.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

A person acts recklessly, or is reckless, with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

## 4.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of March, 2014, in Deaf Smith County, Texas, the defendant, DRAKE JORDAN FINCH, did then and there intentionally, knowingly, or recklessly cause serious bodily injury to Ruth Simms by striking her or by causing her head to strike an object or by shaking her, and the defendant did then and there use or exhibit a deadly weapon, to-wit: his hand or an unknown object, during the commission of said assault, and the said Ruth Simms was a member of the defendant's household, as described by Section 71.005 of the Texas Family Code, then you will find the defendant guilty as charged.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of aggravated assault as alleged in the indictment, and next you will consider whether the defendant is guilty of the lesser included offenses of aggravated assault with serious bodily injury and aggravated assault with a deadly weapon.

## 5.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 22nd day

65

of March, 2014, in Deaf Smith County, Texas, the defendant, DRAKE JORDAN FINCH, did then and there intentionally, knowingly, or recklessly cause serious bodily injury to Ruth Simms by striking her or by causing her head to strike an object or by shaking her, and the said Ruth Simms was a member of the defendant's household, as described by Section 71.005 of the Texas Family Code, then you will find the defendant guilty as charged of the lesser included offense of aggravated assault with serious bodily injury to a member of the defendant's household.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of aggravated assault with serious bodily injury, and next you will consider whether the defendant is guilty of the lesser included offense of aggravated assault with a deadly weapon.

6.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of March, 2014, in Deaf Smith County, Texas, the defendant, DRAKE JORDAN FINCH, did then and there intentionally, knowingly, or recklessly cause bodily injury to Ruth Simms by striking her or by causing her head to strike an object or by shaking her, and the defendant did then and there use or exhibit a deadly weapon, to-wit: his hand or an unknown object, during the commission of said assault, and the said Ruth Simms was a member of the defendant's household, as described by Section 71.005 of the Texas Family Code, then you will find the defendant guilty of the offense of aggravated assault with a deadly weapon to a member of the defendant's household.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of aggravated assault with a deadly weapon.

7.

In deliberating upon this case, you must not refer to nor discuss any matter not in evidence before you. No juror may lawfully relate to any other any fact or circumstance of which he or she may have knowledge or information not introduced in evidence. Neither any nor all of the jurors may lawfully consider or discuss anything else so far as the evidence is concerned except the evidence introduced by the parties, admitted by the Court, and not withdrawn from your

consideration.

8.

You are instructed that a Grand Jury indictment is no evidence of guilt. It is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence, nor can it be considered by you in passing upon the innocence or guilt of this defendant.

9.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict not guilty.

10.

You are instructed that our law provides that a defendant in a criminal case is not required to testify, and that his failure to testify in his own behalf shall never be taken as a circumstance against him, nor as any evidence of his guilt.

You are, therefore, charged that in your deliberation of this case, you must not mention, discuss or consider for any purpose the failure of the defendant to testify in his own behalf, nor consider the same as a circumstance against him, nor as any evidence of his guilt.

## 11.

You are the exclusive judges of the facts proved, the weight of the evidence and the credibility of the witnesses, but the law you will receive from the Court, contained in these written instructions, and be governed thereby.

## 12.

After you retire to the jury room, you should select one of your members as your presiding juror. It is his or her duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as presiding juror.

## 13.

You have been permitted to take notes during the testimony in this case. In the event any of you took notes, you may rely on your notes during your deliberation. However, you may not share your notes with the other jurors and you should not permit the other jurors to share their notes with you. You may however, discuss the contents of your notes with the other jurors. You shall not use your notes as authority to persuade your fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts. They are personal memory aids, just like the notes of the judge and the notes of the lawyers. Notes are valuable as a stimulant to your memory. On the other hand you might make an error in observing or you might make a mistake in recording what you have seen or heard. Therefore, you are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

Occasionally, during jury deliberation, a dispute arises as to the testimony presented. If this should occur in this case, you shall inform te Court and request that the Court read the portion of disputed testimony to you from the official transcripts. The dispute must be settled by the official transcript, for it is the official transcript, rather than any juror's note, upon which you base your determination of the facts and, ultimately, your verdict in this case.

### 14.

No one has any authority to communicate with you except the officer who has you in charge. During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

### 15.

After you have retired, you may communicate with this Court in writing through the officer who has you in charge. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the Court, or anyone else concerning any question you may have. After you have reached a unanimous verdict, the presiding juror will certify thereto by filling in the appropriate form attached to this charge and signing his/her name as presiding juror.

ROLAND SAUL, Judge
222nd Judicial District Court
Deaf Smith County, Texas

FILED in the 222nd District Court under the case/file number as indicated and on the date and time stamped.

ELAINE GERBER
District Clerk, Deaf Smith County, TX
'y_____Deputy

03-04-15P02:23 FILE

69

**Exhibit D**

# GUILT/INNOCENCE VERDICT FORM

NO. CR-14E-072

THE STATE OF TEXAS                    {        IN THE DISTRICT COURT OF

VS.                                   {        DEAF SMITH COUNTY, TEXAS

DRAKE JORDAN FINCH                    {        222ND JUDICIAL DISTRICT

## **V E R D I C T**

We, the Jury, find the defendant, DRAKE JORDAN FINCH, not guilty, as alleged in the indictment.

_____
Presiding Juror

**OR**

We, the Jury, find the defendant, DRAKE JORDAN FINCH, guilty of Aggravated Assault as alleged in the indictment.

_____
Presiding Juror

**AND**

**If you found the defendant not guilty of aggravated assault as alleged in the indictment, then consider the following lesser included offense of aggravated assault with serious bodily injury to a member of the defendant's household:**

We, the Jury, find the defendant, Drake Jordan Finch, not guilty of the lesser included offense of Aggravated Assault with serious bodily injury to a member of the defendant's household.

**F I L E D**
This 4th day of March, A.D.,
2015 at 2:23 o'clock P.M.

*Elaine Gerber*

**ELAINE GERBER**
District Clerk, Deaf Smith County, TX
By_____Deputy

_____
Presiding Juror

**OR**

70

## Exhibit E

# SENTENCING CHARGE

NO. CR-14E-072

| | | |
|---|---|---|
| THE STATE OF TEXAS | { | IN THE DISTRICT COURT OF |
| VS. | { | DEAF SMITH COUNTY, TEXAS |
| DRAKE JORDAN FINCH | { | 222ND JUDICIAL DISTRICT |

## CHARGE ON PUNISHMENT

LADIES AND GENTLEMEN OF THE JURY:

By your verdict, you have found the defendant, Drake Jordan Finch, guilty of the offense of aggravated assault as alleged in the indictment. It now becomes your duty to assess his punishment within the limits prescribed by law.

1.

You are instructed that the punishment for Aggravated Assault as alleged in the indictment is by confinement in the Texas Department of Criminal Justice Institutional Division for any term of not less than 5 years but no more than 99 years or life. In addition, you may assess a fine not to exceed $10,000.

2.

You are instructed that in considering your verdict regarding assessment of punishment, you may take into consideration all of the evidence admitted before you and you must not receive or consider, refer to or discuss any other matter not in evidence before you.

3.

You are instructed that in assessing the punishment of the defendant you may consider evidence of extraneous crimes or bad acts only if they have been shown to your satisfaction beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible regardless of whether he has previously been charged with

or finally convicted of the crimes or acts, if any.

4.

You are instructed that our law provides that a defendant in a criminal case is not required to testify, and that his failure to testify in his own behalf shall never be taken as a circumstance against him, nor as any evidence of his guilt.

You are, therefore, charged that in your deliberation of this case, you must not mention, discuss or consider for any purpose the failure of the defendant to testify in his own behalf, nor consider the same as a circumstance against him, nor as any evidence of his guilt.

5.

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be

applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

6.

You, the jury, are the exclusive judges of the credibility of the witnesses, of the weight to be given the evidence and of the facts proved, but you are bound to receive the law from the Court as given in this charge, and be governed thereby.

7.

You have been permitted to take notes during the testimony in this case. In the event any of you took notes, you may rely on your notes during your deliberation. However, you may not share your notes with the other jurors and you should not permit the other jurors to share their notes with you. You may however, discuss the contents of your notes with the other jurors. You shall not use your notes as authority to persuade your fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts. They are personal memory aids, just like the notes of the judge and the notes of the lawyers. Notes are valuable as a stimulant to your memory. On the other hand you might make an error in observing or you might make a mistake in recording what you have seen or heard. Therefore, you are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

8.

In arriving at your verdict, it will not be proper to fix the same by lot, chance or any method other than by full, fair, and free exercise of the opinion of each juror based on the evidence admitted before you.

9.

During your deliberation, you should not let bias, prejudice, or sympathy play any part in reaching a verdict.

10.

After you have arrived at a unanimous verdict, you may complete the appropriate form attached hereto and have your presiding juror sign his or her name to it so it conforms to, and is, your verdict.

Roland Saul Judge
222nd Judicial District Court
Deaf Smith County, Texas

FILED in the 222nd District Court under the case/file number as indicated and on the date and time stamped.

ELAINE GERBER
District Clerk, Deaf Smith County, TX
By: _____ Deputy

03-04-15P02:23 FILE

75

# SENTENCING VERDICT FORM

NO. CR-14E-072

| | | |
|---|---|---|
| THE STATE OF TEXAS | { | IN THE DISTRICT COURT OF |
| VS. | { | DEAF SMITH COUNTY, TEXAS |
| DRAKE JORDAN FINCH | { | 222ND JUDICIAL DISTRICT |

## VERDICT

We, the jury, find the defendant guilty as charged in the indictment and we assess the punishment of the Defendant, DRAKE JORDAN FINCH, at confinement in the Texas Department of Criminal Justice Institutional Division for a term of _40_ years (5-99 years or life), and a fine of $_____ (not to exceed $10,000), if any.

_____
Presiding Juror

FILED
This 4th day of March, A.D.,
20 15 at 2:23 o'clock P M.

_Elaine Gerber_

ELAINE GERBER
District Clerk, Deaf Smith County, TX
By_____ Deputy

76